# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00669-CV

**The State of Texas, Appellant**

**v.**

**Alfredo Montano, Jr. a/k/a Fred Montano, Jr., Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GV-07-000021, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

## O P I N I O N

The Texas Ethics Commission (the "TEC") assessed civil penalties against appellee Alfredo Montano, Jr. for his failure to timely file certain financial disclosure and campaign finance reports required from candidates for political office.[1] Montano did not pay the assessed penalties. On January 5, 2007, the State filed suit against Montano to recover the penalties. *See* Tex. Gov't Code Ann. § 571.171(a) (West 2004) (TEC "may initiate civil enforcement actions"); Tex. Elec. Code Ann. § 251.004(b) (West 2010) (venue in Travis County). The State alleged that Montano was liable for $21,000 in penalties as a result of his failure to timely file four required reports. Following a bench trial, on October 1, 2008, the district court entered a take-nothing judgment against the State. The State asserts four points on appeal. We affirm in part, reverse and render in part, and reverse and remand in part.

---

[1] Montano unsuccessfully ran in 2006 for state representative of House District 38.

*Late Reports*

The district court concluded that the TEC had failed to comply with its statutory notice requirements with respect to three of the required reports and, therefore, the assessed penalties applicable to those reports could not be enforced. In its first point on appeal, the State argues that the evidence is legally insufficient to support the district court's conclusion.[2] In reviewing a legal sufficiency challenge, we review the evidence in the light most favorable to the judgment, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We will sustain the State's point on appeal based on legal sufficiency only if the evidence conclusively establishes, as a matter of law, that the penalties could not be waived for failure to give notice. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). The test is whether the evidence at

---

[2] In its findings of fact and conclusions of law, the district court included other bases to support its judgment in addition to lack of statutorily required notice. First, the district court concluded that the State did not adequately provide Montano notice "as required by Due Process under the 14th Amendment." However, Montano admitted to actual notice of the requirements to file reports (in some manner) and actual notice that at least certain reports were late. Montano testified regarding his attempts, in response, to file the three reports. Next, the district court concluded that it could apply a "reasonable compliance standard." However, there is no legal authority—statutory or otherwise—for the application of such a standard. Finally, the district court concluded that it had discretion under title 1, section 18.23 of the Texas Administrative Code to waive late fines if the report was filed late due to a filer's medical emergency or condition. *See* 1 Tex. Admin. Code § 18.23(a)(1) (2010) (Tex. Ethics Comm'n, Administrative Waiver of Fine); *see also* Tex. Gov't Code Ann. § 571.1731 (West 2004). However, even if section 18.23 could be construed to grant the court such discretion, *see* 1 Tex. Admin. Code § 18.23(b) ("in the executive director's discretion"), the filer is required to first submit an affidavit, *see id.* § 18.23(a). There is nothing in the record to indicate that Montano filed any affidavit that might trigger the potential application of section 18.23.

trial would enable reasonable and fair-minded people to reach the judgment under review. *Wilson*, 168 S.W.3d at 827.

Montano had an opponent on the ballot in the primary election and, therefore, was required to file a particular report not later than the 30th day before election day (the "30-Day Report"). *See* Tex. Elec. Code Ann. § 254.064(b) (West 2010). Montano filed the 30-Day Report on February 28, 2006, which was after the February 6, 2006 deadline. Under the election code, if the 30-Day Report is late, "the person required to file the report is liable to the state for a civil penalty of $500." *Id.* § 254.042(b) (West 2010).

The $500 penalty is not contingent on notice. Instead, under election code section 254.042, the TEC's determination that the 30-Day Report is late has two independent consequences: (1) the TEC must "immediately" mail a notice of the determination to the person required to file the report, *see id.* § 254.042(a); and (2) the person required to file the report is liable to the State for a civil penalty of $500, *see id.* § 254.042(b). Provision of the notice of determination of penalty is not a prerequisite to a penalty for a late-filed 30-Day Report. The requirement to file a 30-Day Report is statutory, and the deadline for filing the report is statutory. The statute is the notice of both the requirement and the deadline. Missing the statutory deadline implicates a statutory penalty. The fact that the TEC is required to send notice of a determination that a penalty will be imposed does not affect the fact that filers are statutorily on notice of the requirement to file, the deadline for filing, and the penalties for late filing.

Under the government code, Montano was also required to file a personal financial statement not later than the 40th day after the date of the regular filing deadline for an application

3

for a place on the ballot in the general primary election. *See* Tex. Gov't Code Ann. § 572.021 (West Supp. 2009), § 572.027(a) (West 2004). Montano failed to file the personal financial statement by the February 13, 2006 deadline. As a result, Montano was "liable to the state for a civil penalty of $500." *Id.* § 572.033(b) (West 2004); *see also* 1 Tex. Admin. Code § 18.13(a) (2010) (Tex. Ethics Comm'n, Fine for a Late Report).

As with the 30-Day Report, the $500 penalty with respect to the personal financial statement is not contingent on notice. Instead, under government code section 572.033, the TEC's determination that the personal financial statement is late has two independent consequences: (1) the TEC must "immediately" mail a notice of the determination to the person responsible for filing the report and to the appropriate attorney for the State, *see* Tex. Gov't Code Ann. § 572.033(a); and (2) the person responsible for filing the report is liable to the State for a civil penalty of $500, *see id.* § 572.033(b); 1 Tex. Admin. Code § 18.13(a). As with the 30-Day Report, provision of the notice of determination of penalty is not a prerequisite to a penalty for a late-filed personal financial statement.

As a candidate, Montano was also required to file two additional reports for each year (the "Semiannual Report"). *See* Tex. Elec. Code Ann. § 254.063(a) (West 2010). The Semiannual Report that was due on July 17, 2006, *see id.* § 254.063(b), was the first such report required to be filed following the primary election. Unlike with the 30-Day Report and the personal financial statement, the penalty for late filing of such Semiannual Report is not a flat $500 penalty. Instead, the applicable penalty is $500 for the first day the report is late and $100 for each day thereafter that the report is late, up to a maximum fine of $10,000. 1 Tex. Admin. Code § 18.13(c); *see*

4

Tex. Elec. Code Ann. § 254.042(b).[3] The Semiannual Report in this case was due on July 17, 2006, and Montano had not filed the report by November 2006. Thus, the potential statutory penalty was $10,000.

The penalty with respect to the first Semiannual Report required to be filed following the primary election is not contingent on notice. Under election code section 254.042, the TEC's determination that such a Semiannual Report is late has two independent consequences: (1) the TEC must "immediately" mail a notice of the determination to the person required to file the report, *see* Tex. Elec. Code Ann. § 254.042(a); and (2) the person required to file the report is liable to the State for a civil penalty of $500 for the first day the report is late and $100 for each day thereafter that the report is late, *see id.* § 254.042(b); 1 Tex. Admin. Code § 18.13(c). As with the other filings at issue, provision of the notice of determination of penalty is not a prerequisite to a penalty for a late-filed Semiannual Report.[4]

We hold that the statutory penalties applicable to Montano's late filing of the 30-Day Report, the personal financial statement, and the Semiannual Report were not contingent on

---

[3] We note that election code section 254.042(b) also provides that if a report is more than 30 days late, the TEC shall issue a "warning of liability" by registered mail, and that if the penalty is not paid before the 10th day after the date on which the warning is received, the person is liable for a civil penalty in an amount determined by commission rule not to exceed $10,000. Tex. Elec. Code Ann. § 254.042(b). However, the district court did not base its ruling on the absence of such a "warning of liability." Moreover, the TEC has not issued any rules setting the amount of a penalty contingent on the issuance of such a warning. *See generally* 1 Tex. Admin. Code § 18.13 (2010) (Tex. Ethics Comm'n, Fine for a Late Report).

[4] We note that, given the daily increase in the penalty amount until the report is filed or the $10,000 maximum is reached, the TEC's failure to provide the required notice could conceivably be a basis for the TEC to reduce the penalty assessed. *See* Tex. Gov't Code Ann. § 571.1731(b); 1 Tex. Admin. Code § 18.23(a).

the TEC's provision of notice under election code section 254.042(a) or government code section 572.033(a).[5] Therefore, even if the TEC failed to comply with those statutory notice requirements, the district court erred in declining to enforce the statutory penalties with respect to the 30-Day Report, the personal financial statement, and the Semiannual Report.

***Corrected Report***

The remaining report at issue in this case is the report Montano was required to file not later than the 8th day before election day (the "8-Day Report"). *See* Tex. Elec. Code Ann. § 254.064(c). In its third point on appeal, the State asserts that the evidence is legally insufficient to support the district court's failure to enforce the penalty assessed with respect to the late filing of the 8-Day Report. We review the evidence in the light most favorable to the judgment, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Wilson*, 168 S.W.3d at 827. The test is whether the evidence at trial would enable reasonable and fair-minded people to reach the judgment under review. *Id.* Where the appellant has the burden of proof on an issue, we will sustain the appellant's point on appeal only if the evidence establishes, as a matter of law, all vital facts in support of the issue. *See Dow Chem. Co.*, 46 S.W.3d at 241.

Unlike with the other three reports, Montano filed the 8-Day Report by its February 27, 2006 deadline. However, on January 2, 2007, an additional 8-Day Report was

---

[5] Having so concluded, we do not address the State's argument that Montano was required to file a verified denial to contest the TEC's provision of the statutory notices, or the State's second point on appeal that the evidence was factually insufficient to support the district court's judgment regarding the 30-Day Report, the personal financial statement, and the Semiannual Report.

filed that, according to the TEC, "appeared" to be a correction to Montano's original filing. For a corrected 8-Day Report not to be considered late, "an affidavit stating that the error or omission in the original report was made in good faith" must be filed. Tex. Gov't Code Ann. § 571.0771(c)(3) (West Supp. 2009); 1 Tex. Admin. Code § 18.9(d) (2009) (Tex. Ethics Comm'n, Corrected Reports). Despite the TEC's sending Montano a letter stating that the affidavit was required to avoid any late-filing penalties, Montano did not file a correction affidavit. Consequently, the TEC treated the 8-Day Report as if it had been originally filed on January 2, 2007, and imposed a late penalty of $10,000. *See* Tex. Elec. Code Ann. § 254.042(b); 1 Tex. Admin. Code § 18.13(b).

The State contends that the uncontroverted evidence establishes that no affidavit of correction was filed with the TEC in connection with the January 2, 2007 filing. However, the requirement that a correction affidavit be filed does not apply unless "the report as originally filed is inaccurate or incomplete." *See* Tex. Gov't Code Ann. § 571.0771(c)(3). Montano testified that the 8-Day Report, as originally filed, was not inaccurate or incomplete. Instead, according to Montano, the January 2, 2007 filing was a mistake. Robbie Douglas, the senior analyst with the disclosure filings division at the TEC, testifying for the State, acknowledged that it was possible that the January 2, 2007 filing, which was done electronically, was "an inadvertent effort made to file another report or change something else." There was no evidence that the originally filed 8-Day Report was inaccurate or that any change made to the 8-Day Report in the January 2, 2007 filing was something other than a mistake as Montano testified. We conclude that the evidence at trial would enable reasonable and fair-minded people to conclude that the 8-Day Report as originally filed was not inaccurate or incomplete and, therefore, that no penalty should be assessed with respect to the

7

8-Day Report.[6] Therefore, the evidence was legally sufficient to support the district court's ruling that the $10,000 penalty assessed in connection with Montano's 8-Day Report not be enforced.

*Attorneys' Fees*

In its fourth point on appeal, the State asserts that the district court erred in denying the State's request for attorneys' fees. Under government code section 2107.006, the attorney general in this type of case "may recover reasonable attorney fees, investigative costs, and court costs incurred on behalf of the state in the proceeding in the same manner as provided by general law for a private litigant." *Id.* § 2107.006 (West 2008). The district court found that the State had "submitted uncontroverted evidence of attorney's fees in the amount of $3,950.00," but the district court did not award attorneys' fees to the State.

Section 2107.006 provides only that the attorney general "may" recover its attorneys' fees. *See id.* We believe an award of attorneys' fees would fall within the district court's discretion. The district court's ruling on attorneys' fees may have depended, at least in part,[7] on its ruling that the State could not recover any penalties, and we have concluded the district court's ruling was error as to three of the four penalties assessed. Therefore, the question of whether attorneys' fees should be awarded should be reconsidered by the district court due to the change in the result. *See*

---

[6] The State contends that Montano's position that the correction was a mistake constitutes an affirmative defense and, therefore, that Montano has the burden of proof on the issue. We do not decide this issue because even if Montano had the burden of proof, we would conclude that the evidence was legally sufficient to support the district court's factual findings with respect to the 8-Day Report. *See Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (legal sufficiency standard).

[7] The district court stated in a finding of fact that the attorneys' fees requested by the State "would cause Montano further financial hardship."

8

Tex. R. App. P. 44.1(b); *Kendziorski v. Saunders*, 191 S.W.3d 395, 410-11 (Tex. App.—Austin 2006, no pet.); *Texas Health Care Info. Council v. Seton Health Plan*, 94 S.W.3d 841, 854 (Tex. App.—Austin 2002, pet. denied). Nonetheless, we note that whether any award of fees should be made will be in the discretion of the district court.

*Conclusion*

We affirm the judgment of the district court that the penalty assessed by the TEC against Montano based on his January 2, 2007 filing of an amended 8-Day Report not be enforced. We reverse the remainder of the judgment of the district court. We render judgment that the State recover from Montano the sum of $11,000, representing administrative penalties assessed by the TEC for Montano's failure to timely file the 30-Day Report, the personal financial statement, and the Semiannual Report. We remand the case to the district court for reconsideration of the issue of whether there should be any award of attorneys' fees to the State.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed in part; Reversed and Rendered in part; Reversed and Remanded in part

Filed: May 14, 2010

9