# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20692
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2013

Lyle W. Cayce
Clerk

RBC REAL ESTATE FINANCE, INCORPORATED,

Plaintiff – Appellee

v.

PARTNERS LAND DEVELOPMENT, LIMITED; MATT L. SEIFFERT,

Defendants – Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2507

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellee, RBC Real Estate Finance, Incorporated ("RBC"), sued Defendants–Appellants, Partners Land Development, Limited ("Partners") and Matt L. Seiffert, on two promissory notes and their accompanying guaranties. The district court granted summary judgment for RBC. Partners and Seiffert appeal, arguing that the district court erroneously

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20692

considered a RBC account manager's affidavit as evidence of RBC's damages. We AFFIRM.

## FACTUAL BACKGROUND

On May 26, 2005, Partners and Lake Houston Walden, LP ("Lake Houston")[1] executed a promissory note payable to RBC Centura Bank[2] for $1,354,000.00 (the "Atasca Oaks Note"). Partners secured the Atasca Oaks Note with property located in Atascocita, Texas, and Seiffert guaranteed the borrowers' obligations. On May 12, 2007, Partners and Lake Houston executed another promissory note payable to RBC Centura Bank for $2,350,000.00 (the "Lake Houston Note"). The Lake Houston Note was also secured by property located in Texas, and Seiffert again guaranteed payment. RBC was assigned the Atasca Oaks Note, the Lake Houston Note, and their related loan documents. Partners and Lake Walden defaulted on both notes, and RBC foreclosed on the properties. RBC sold the property securing the Atasca Oaks Note on July 7, 2009, and sold the property securing the Lake Houston Note on December 1, 2009.

RBC filed suit, alleging that the foreclosure sales did not recover the principal due under the Notes and Guarantees, and that Partners and Seiffert ("Defendants") still owed $632,872.72. RBC moved for summary judgment, which Partners and Seiffert opposed. Partners and Seiffert objected to RBC account manager Daniel Reid's affidavit, which RBC submitted as summary judgment evidence. They claimed Reid did not provide foundation for his statements concerning the amount owed on the Notes, and did not explain how he computed interest. Without Reid's affidavit, Defendants argued, RBC did

---

[1] Lake Houston is not a party to this lawsuit.
[2] RBC Centura Bank is now known as RBC Bank (USA).

2

not present evidence of its damages and was not entitled to summary judgment.

The district court overruled Defendants' objection to the Reid affidavit. The court reasoned: "Because his affidavit was made on personal knowledge by a person competent to testify on the matters stated, it is acceptable summary judgment evidence." The district court then granted RBC's motion for summary judgment.

## STANDARD OF REVIEW

"We review a grant of summary judgment de novo, applying the same standard as the district court." *Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "We review the district court's evidentiary rulings for abuse of discretion." *King v. Ill. Cent. R.R.*, 337 F.3d 550, 553 (5th Cir. 2003); *see also St. Romain v. Indus. Fabrication & Repair Serv., Inc.*, 203 F.3d 376, 381 (5th Cir. 2000).

## DISCUSSION

Partners and Seiffert make two arguments attacking the district court's grant of summary judgment. First, they argue that the district court erred when it considered Reid's affidavit. Second, they argue that Reid's affidavit is insufficient evidence of RBC's damages. Both arguments fail.

## A.    Evidentiary Ruling

RBC attached Reid's affidavit to its motion for summary judgment. As outlined in his affidavit, Reid is an RBC "account manager" and was "authorized to make th[e] affidavit on behalf of RBC." As part of his duties for RBC, Reid "monitor[ed] and collect[ed]" the "promissory notes at issue in this matter." In his affidavit, Reid recounted the principal amounts and interest due on both Notes and the amount of money generated from the foreclosure

sales. He concluded: "After applying the foreclosure bid prices to the outstanding debt due under the Notes, there remains a substantial deficiency," and that as of the date of RBC's motion for summary judgment, Appellants' total debt was $314,133.51 on the Atasca Oaks note and $372,045.90 on the Lake Houston Note.

Appellants' object to Reid's affidavit because it is "conclusory" and because Reid provides no foundation for how he calculated the principal amounts due on the Notes. As the district court noted, Reid's statements are based on his personal knowledge. *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration . . . must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). As an account manager at RBC Reid is responsible for monitoring and collecting the Atasca Oaks and Lake Houston Notes. Therefore, Reid is competent to testify on the amounts due on the Notes, and his affidavit satisfies the requirements of Rule 56(c)(4). *See, e.g., United States v. Lawrence*, 276 F.3d 193, 196–97 (5th Cir. 2001) (holding that a loan analyst's affidavit based on personal knowledge of certain loan records is admissible summary judgment evidence). Accordingly, the district court did not abuse its discretion when it held that Reid's affidavit was acceptable summary judgment evidence.

**B.    Summary Judgment**

Reid's affidavit is also sufficient to prove RBC's damages under Texas law. "A lender need not file detailed proof reflecting the calculations reflecting the balance due on a note; an affidavit by a bank employee which sets forth the total balance due on a note is sufficient to sustain an award of summary judgment." *Hudspeth v. Investor Collection Servs. Ltd. P'ship*, 985 S.W.2d 477, 479 (Tex. App. 1998); *see also Martin v. First Republic Bank, Fort Worth, N.S.*, 799 S.W.2d 482, 485 (Tex. App. 1990); *8920 Corp. v. Alief Alamo Bank*, 722

S.W.2d 718, 720 (Tex. App. 1986) ("The affidavit was made on Hollingsworth's personal knowledge; the notes and guaranty agreement were identified; and the principal balances and interest due were recited. Such statements are clearly not conclusory."). Reid's affidavit identifies the principal, interest, fees, the credit applicable from the foreclosure sales, and the remaining deficiencies on the Notes. Accordingly, Reid's affidavit is sufficient to entitle RBC to summary judgment. *See Hudspeth*, 985 S.W.2d at 479 ("Courts have upheld summary judgments based on affidavits that simply identified a promissory note and a lump sum figure as the principal balance and interest due and owing by the nonmovant on that note.").

Appellants rely on *Guerra v. M.H. Equities, Ltd.*, which held that summary judgment was inappropriate when it was "unclear how M.H. Equities calculated [the amount due on the note.]" No. 02–11–00261–CV, 2012 WL 2135596, at *2 (Tex. App. Jun 14, 2012). But the Court in *Guerra* found that "the summary judgment evidence itself raise[d] a fact issue." *Id.* The lenders in *Guerra* submitted a notice of acceleration showing the balance of the note to be $15,147.38, but an affidavit alleging that the amount owed was $20,644.60. *Id.* at *1. The court found an issue of fact because "[n]owhere in the summary judgment evidence is the additional $5,000 accounted for." *Id.* at *2. *Guerra* is inapplicable because there are no inconsistencies in RBC's summary judgment evidence.

Further, Appellants did not provide any controverting summary judgment evidence to the district court. Instead, on appeal, they criticize Reid's affidavit because he does not explain "why the foreclosure sale of the Atasca Oaks note generated $320,000 instead of the strike off amount, and why the foreclosure sale of the Lake Houston Note generated $1,759,895.99 instead of the strike off amount." But Defendants are required to plead offset as an affirmative defense. *See Cabot Capital Corp. v. USDR, Inc.*, 346 S.W.3d 634,

639 (Tex. App. 2009) ("The burden of proof of the fair market value was on Appellees since the offset under Texas Property Code § 51.003 is an affirmative defense."). Appellants did not plead offset as an affirmative defense in their answer. Nor did they provide any evidence that the properties were sold at foreclosure for less than fair market value. The district court correctly held, therefore, that there were no genuine disputes as to any material fact and that RBC was entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

## CONCLUSION

Accordingly, we AFFIRM the district court's grant of summary judgment.