# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2016

Lyle W. Cayce
Clerk

No. 15-41483
Summary Calendar

KELLY TIRAS, individually and on behalf of two minors, K.T. and R.T.;
DAWNA M. VALENTINE, individually and on behalf of one minor, K.V.;
STEDMAN WILKINS; STEPHON VALENTINE,

              Plaintiffs - Appellants

v.

BAILEY PROPERTIES, L.L.C.; WINDSOR ESTATES I, L.L.C.; WINDSOR
ESTATES II, L.L.C.; GENESIS MARIE HUNT; MIKE BERRY, Courtesy
Officer; BSR TRUST, L.L.C., Owners of Windsor Estates I, L.L.C. or Windsor
Estates II, L.L.C.; CITY OF TEXAS CITY; ALLEN BJERKE; TERRELL
RHONE,

              Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-00180

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-41483

The magistrate judge, with the consent of the parties, entered final judgment, dismissing Plaintiffs–Appellants' claims brought under 42 U.S.C. § 1983 and under Texas law.  Because we find no reversible errors in the magistrate judge's conclusions that the claims brought under 42 U.S.C. § 1983 are time-barred and that Plaintiffs failed to allege sufficient facts to support their breach of contract claim, we AFFIRM.

On May 30, 2012, the on-site security officer at Windsor Estate Apartments in Texas City, Texas, Defendant–Appellee Mike Berry, encountered Plaintiffs at the swimming pool of the apartment complex. Plaintiffs alleged that Berry falsely reported that they were trespassing in the swimming pool area and that two Texas City police officers, Defendants– Appellees Allen Bjerke and Terrell Rhone, responded to this report.  Plaintiffs further alleged that these officers became aggressive towards Plaintiffs and that they physically harmed and falsely arrested Plaintiff Stedman Wilkins. On May 29, 2014, Plaintiffs, proceeding pro se, filed suit against Defendants– Appellees Bailey Properties, L.L.C. (the owner of Windsor Estates), Genesis Marie Hunt (the manager of Windsor Estates), and Berry.  Plaintiffs then filed an amended complaint on July 28, 2014, adding the City of Texas City as a defendant based on the alleged actions of Officers Bjerke and Rhone.[1]  On December 9, 2014, Plaintiffs amended their complaint once more, adding Officers Bjerke and Rhone as defendants.  Finally, on April 30, 2015, Plaintiffs filed a supplemental complaint.

Plaintiffs asserted a variety of claims against the City of Texas City, Bjerke, and Rhone (collectively, the "City Defendants"), pursuant to 42 U.S.C.

[1] In this complaint, Plaintiffs alleged that BSR Trust, instead of Bailey Properties, owned Windsor Estates and named BSR Trust as a defendant.

2

No. 15-41483

§ 1983.[2]  Plaintiffs further asserted a breach of contract claim against Bailey Properties, BSR Trust, Windsor Estates I and II, and Hunt (collectively, the "Corporate Defendants").  All parties consented to conduct all proceedings before a magistrate judge, including the entry of final judgment.  The City Defendants subsequently filed a motion to dismiss Plaintiffs' claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs' claims were time-barred under the statute of limitations.  And on June 1, 2015, the Corporate Defendants filed their own motion to dismiss, arguing that Plaintiffs failed to allege the requisite elements of a breach of contract claim under Texas law.  The magistrate judge granted these motions and dismissed Plaintiffs' claims on November 19, 2015.  Plaintiffs timely appealed.

We review *de novo* a grant of a motion to dismiss for failure to state a claim, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."  *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quoting *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)). "Dismissal is appropriate when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face or has failed to raise his right to relief above the speculative level."  *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012).

Beginning with the claims against the City Defendants, the magistrate judge committed no reversible error in dismissing those claims as time-barred under the relevant statute of limitations.[3]  A two-year limitations period

---

[2] Liberally construing Plaintiffs' pro se pleadings, as we must, *see Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993), we agree with the magistrate judge that Plaintiffs' only cognizable claims were brought pursuant to 42 U.S.C. § 1983.

[3] The magistrate judge noted that Plaintiffs alleged fraud and breach of contract claims against the City Defendants once they realized their other claims would be time-barred.  The magistrate judge concluded that these claims were without sufficient factual

applies to Plaintiffs' claims under 42 U.S.C. § 1983. *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) ("[F]ederal courts borrow the forum state's general personal injury limitations period [for claims brought under § 1983]."); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (providing a two-year limitations period for personal injury actions). Here, Plaintiffs' claims accrued on May 30, 2012, the date of the incident at the swimming pool, and they filed their original complaint on May 29, 2014, which was initially within the limitations period. However, Plaintiffs did not name any of the City Defendants as defendants until their subsequent amended complaints, which were filed outside the limitations period. Because the complaints that first named the City Defendants as defendants were filed outside the limitations period, the claims raised against the City Defendants are time-barred. *See Sanders-Burns v. City Of Plano*, 594 F.3d 366, 374 (5th Cir. 2010) (explaining that the statute of limitations continues to run until a defendant is named as such in a complaint, even when a complaint in the same case was filed earlier). Therefore, we find no reversible error in the magistrate judge's decision to dismiss the complaints against the City Defendants as time-barred.[4]

Turning to Plaintiffs' claims against the Corporate Defendants, we find no error in the magistrate judge's holding that Plaintiffs failed to make out a

---

foundation, and Plaintiffs have not challenged that determination on appeal. Accordingly, any challenge regarding these claims is waived. *See Health Care Serv. Corp. v. Methodist Hosps. of Dall.*, 814 F.3d 242, 251 n.38 (5th Cir. 2016) (noting that issues not adequately raised in the initial brief are waived).

[4] Furthermore, Plaintiffs have waived any issue on appeal relating to the magistrate judge's analysis of whether the amended complaints related back to the original complaint by failing to raise the issue on appeal. *See Health Care Serv. Corp.*, 814 F.3d at 251 n.38. Moreover, the magistrate judge found that the earliest any City Defendant had notice of Plaintiffs' complaint was on or around June 26, 2014, a date that was outside the limitations period, which would preclude relation back under Federal Rule of Civil Procedure 15(c). *See Sanders-Burns*, 594 F.3d at 373 (noting that a party must have received sufficient notice of the pendency of the action in order for an amended complaint to relate back to the original complaint).

breach of contract claim. In particular, the magistrate judge correctly explained that only Tiras was a party to the relevant lease agreement, so only she has standing to assert a breach of contract claim. *See Brown v. Mesa Distribs., Inc.*, 414 S.W.3d 279, 284 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (explaining that non-parties to contracts do not have standing to assert breach of contract claims). While Tiras has standing, she has failed to adequately state such a claim. Under Texas law, "[t]he elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 834 (Tex. App.—Dallas 2009, no pet.).

Tiras failed to plead sufficient facts supporting the fourth element. Tiras sought compensatory and punitive damages for the "unlawful treatment" to which she was subjected on May 30, 2012. However, a plaintiff may not recover punitive damages on a breach of contract claim under Texas law. *Agillion, Inc. v. Oliver*, 114 S.W.3d 86, 91–92 (Tex. App.—Austin 2003, no pet.). While compensatory damages are recoverable on a breach of contract claim, a "plaintiff must show that the damages sought were the natural, probable, and foreseeable consequence of the defendant's conduct." *Gotch v. Gotch*, 416 S.W.3d 633, 637–38 (Tex. App.—Houston [14th Dist.] 2013, no pet.). To the extent that Tiras has alleged a breach of her lease agreement, she has alleged no facts that support the inference that the police officers' conduct, which allegedly caused her harm, was in any way "natural, probable, [or] foreseeable." *Id.*; *see also Bass*, 669 F.3d at 506 ("Dismissal is appropriate when the plaintiff . . . has failed to raise [her] right to relief above the speculative level."). Thus, she has failed to state a breach of contract claim,

No. 15-41483

and the magistrate judge committed no error in dismissing this claim against the Corporate Defendants.[5]

For the foregoing reasons, we AFFIRM the judgment of the magistrate judge.

---

[5] The magistrate judge also dismissed Plaintiffs' claims against Berry for failure to serve process. *See* Fed. R. Civ. P. 4(m). Plaintiffs do not adequately brief this issue on appeal, so we do not address whether the magistrate judge erred in dismissing Plaintiffs' claims against Berry. *Health Care Serv. Corp.*, 814 F.3d at 251 n.38