# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 16-41074

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2017

Lyle W. Cayce
Clerk

INTREPID SHIP MANAGEMENT, INCORPORATED; VESSEL MANAGEMENT SERVICES, INCORPORATED; CROWLEY MARITIME CORPORATION,

      Plaintiffs - Appellees

MALIN INTERNATIONAL SHIP REPAIR & DRYDOCK, INCORPORATED,

      Movant - Appellee

v.

PRC ENVIRONMENTAL, INCORPORATED,

      Defendant - Appellant

*********************************************************************

PRC ENVIRONMENTAL, INCORPORATED,

      Plaintiff - Appellant

v.

THE RESOLVE, her equipment, engines, tackle, furniture, apparel and appurtenances, in rem; BARGE 650-3, her equipment, engines, tackle, furniture, apparel and appurtenances, in rem; INTREPID SHIP MANAGEMENT, INCORPORATED; VESSEL MANAGEMENT SERVICES, INCORPORATED; CROWLEY MARITIME CORPORATION, in personam,

      Defendants - Appellees

_____

No. 16-41074

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 3:12-CV-243; 3:12-CV-359

———————

Before CLEMENT, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

This case arose from an allision between a vessel owned and operated by Intrepid Ship Management, Inc., Vessel Management Services, Inc. and Crowley Maritime Corporation (collectively, "Crowley") and a rig known as VIKING PROSPECTOR (the "Rig"). This appeal, following a dismissal for lack of standing and a Rule 54(b) certification, concerns only one aspect of a broader series of cases: the counterclaims and cross-claims of PRC Environmental ("PRC"), which was engaged to work on the Rig and sued in that capacity. PRC claimed that it held a proprietary interest in the Rig by virtue of a joint venture with Francisco Moreno, the title owner of the Rig.[1] Moreno himself was never a party to the action.

The District Court concluded that title of the Rig never passed from Moreno to the joint venture. Thus, it determined that PRC lacked standing to sue Crowley for damages to the Rig. The court also denied PRC's motion for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Moreno formed a limited liability company, Prospector Rig MGT, LLC ("PRM"), apparently with the intent of conveying the Rig to PRM; however, title was never transferred. PRM did not appeal the judgment in question here. Crowley also filed a third party suit against Malin International Ship Repair & Drydock, Inc. ("Malin"), the owner of the drydock. Malin later sued the Rig for failure to pay dockage fees, purchased the Rig at auction, and dismantled it. Malin and Crowley's positions relevant to this appeal do not differ, so we will refer only to Crowley.

No. 16-41074

leave to amend "to clarify and confirm that PRC [was] appearing on behalf of the Joint Venture."[2] PRC timely appealed. We AFFIRM.

Although a dismissal for lack of standing is appropriately judged under Federal Rule of Civil Procedure 12(b)(1), which allows a court to make limited findings of fact, the parties have argued this case under the standards applicable to ordinary summary judgment motions. *Compare Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (explaining that the district court can resolve disputed facts as necessary to decide a challenge to subject matter jurisdiction), *with Int'l Marine, L.L.C. v. Integrity Fisheries, Inc.*, 860 F.3d 754, 759 (5th Cir. 2017) (applying de novo review to summary judgment cases, explaining that "[s]ummary judgment is appropriate when 'there is no genuine dispute as to any material fact.'" (quoting *Int'l Marine, L.L.C. v. Delta Towing, L.L.C.*, 704 F.3d 350, 354 (5th Cir. 2013))). Because PRC's challenges fail even under the least deferential review, we need not explore this dichotomy further.

To recover in this case, PRC must prove, inter alia, a proprietary interest in the Rig. *See In re Deepwater Horizon*, 784 F.3d 1019, 1025–26 (5th Cir. 2015). To try to meet this burden, PRC claims that the proprietary interest stems from two events: (1) the creation of a joint venture between Moreno and PRC, and (2) Moreno's alleged transfer of the Rig to the joint venture.[3]

---

[2] We conclude that PRC waived its challenge to the denial of its motion to amend when it failed to object to the magistrate's order. *Lehmann v. GE Glob. Ins. Holding Corp.*, 524 F.3d 621, 624 n.4 (5th Cir. 2008). Thus, we do not consider it.

[3] PRC additionally argued that, should the court not accept that PRC has a traditional proprietary interest, PRC has standing due to being a de facto "bareboat charterer" by having control "just shy of outright ownership," which can satisfy the proprietary interest requirement. *In re Deepwater Horizon*, 784 F.3d 1019, 1026 (5th Cir. 2015). Here, despite PRC's discretion in executing their agreement, Moreno maintained a level of control over the Rig, including providing consent to move the Rig to Malin's shipyard. Thus, this argument fails.

3

No. 16-41074

We have carefully reviewed the relevant portions of the record in light of the parties' briefing and oral argument. We conclude that PRC failed to bring forth facts that, if true, prove the existence of a joint venture. PRC failed to prove an agreement between Moreno and PRC to share profits and losses, meaning PRC could not gain a proprietary interest in the Rig through the joint venture. *See Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 319 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (enumerating the requirements to have a valid Texas joint venture, which include an express agreement to share both profits and losses). Even assuming, arguendo, that the joint venture was created, PRC has not brought forth sufficient facts to prove that Moreno either actually transferred or intended to transfer the Rig as required for individual property to become joint venture property. *See Siller v. LPP Mortg., Ltd.*, 264 S.W.3d 324, 329 (Tex. App.—San Antonio 2008, no pet.) ("Whether the property used in the partnership operation is owned by the partnership is a question of intention. Mere use of property in a partnership operation does not make it an asset of the partnership." (citing *Littleton v. Littleton*, 341 S.W.2d 484, 489 (Tex. Civ. App.—Houston 1960, writ ref'd n.r.e.))). Because PRC has no proprietary interest in the Rig, it does not have standing to maintain this suit.[4]

AFFIRMED.

---

[4] PRC's lack of ownership interest means that we do not reach the issue of whether Malin's February 2013 arrest of the Rig extinguished any ownership interest that PRC claims to have held.