# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10611
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2019

Lyle W. Cayce
Clerk

PACIFIC PREMIER BANK,

    Plaintiff - Appellee

v.

CHETNA HIRA,

    Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-312

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Midland Hotels, LLC stopped making payments on a business loan issued by Pacific Premier Bank. Chetna Hira guaranteed the loan. After Midland stopped making payments, it filed for bankruptcy. Pacific then brought his breach-of-guaranty action, demanding that Hira pay the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10611

remaining balance.  Pacific moved for summary judgment, and the district court granted the motion.  Hira now appeals.

I.

In December 2012, Pacific made a business loan of $2,440,000 to Midland Hotels, LLC.  Under the accompanying note, Midland was obligated to make payments on the first of every month.  Failure to do so would result in default.  In 2015, Midland stopped making payments and then, in 2017, filed for bankruptcy.  During the bankruptcy proceedings, Midland paid Pacific $1,200,000, which was applied to the principal of the loan.  $1,272,347.03 remains outstanding.[1]

Hira served as guarantor for the loan, and, according to the guaranty agreement, Hira "unconditionally guarantee[d] payment to [Pacific] of all amounts owing under the Note."  Now, with Midland in bankruptcy, Pacific seeks the remainder of the loan from Hira.[2]

Below, the district court granted Pacific's motion for summary judgment, holding that uncontroverted summary judgment evidence showed that (1) Hira entered an unconditional guaranty with Pacific, (2) Midland and Hira failed to make payments, and (3) Pacific upheld its end of the bargain.

---

[1] The outstanding balance consists of $1,083,647.96 in principal, $157,625.55 in interest, $19,296.84 in additional interest, $11,776.68 in late charges, and $127.00 in fees.

[2] For purposes of diversity jurisdiction, Pacific was required to plead that Hira is a citizen of, or domiciled in, Texas.  Pacific, however, only pleaded that Hira *resides* in Texas. In response to our request for additional briefing, Pacific showed that Hira is a citizen of Texas.  Hira's place of business, residency, deed of trust, and LLC membership are all in Texas. Hira also admitted that she is a resident of Texas in her answer to Pacific's complaint. Based on this evidence, we conclude that Hira is a citizen of Texas for purposes of diversity jurisdiction.  *See Coury v. Prot*, 85 F.3d 244, 249–51 (5th Cir. 1996) ("In determining a litigant's domicile, the court must address a variety of factors. . . . The factors may include the places where the litigant . . . owns real and personal property, . . . has places of business or employment, and maintains a home for his family.").

No. 18-10611

II.

A district court's grant of summary judgment is reviewed de novo. *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009). This court applies the same standards as the district court, *id.*, granting summary judgment where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court is to consider evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Thorson v. Epps*, 701 F.3d 444, 445 (5th Cir. 2012). The non-movant, however, must go beyond the pleadings and present specific facts indicating a genuine issue for trial in order to avoid summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322. An appellate court may affirm summary judgment "on any ground supported by the record, even if it is different from that relied on by the district court." *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258 (5th Cir. 2001).

III.

Hira argues that we must overturn the district court's decision for two reasons. First, Hira argues that Pacific lacks standing. Second, she argues that the district court improperly based its decision on evidence outside the summary judgment record.

3

No. 18-10611

A.

Hira first argues that Pacific does not have standing because Pacific does not have a right to all the remaining unpaid balance under the loan note.[3] Hira's argument is unconvincing.

To have Article III standing, a plaintiff must establish three things: (1) an injury in fact, (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992); *see also Three Expo Events, L.L.C. v. City of Dallas*, 907 F.3d 333, 341 (5th Cir. 2018). All three are present here.

Hira admits that Pacific is owed at least some of the remaining balance, an admission that is supported by the loan documents and payment history. Pacific's documented contractual right is more than sufficient to grant standing. *Intrepid Ship Mgmt., Inc. v. PRC Envtl., Inc.*, 711 F. App'x 208, 210 (5th Cir. 2017) (per curiam) (unpublished) (holding that "a proprietary interest" satisfies the standing requirements); *Kelly Tiras v. Bailey Props., L.L.C.*, 659 F. App'x 753, 756 (5th Cir. 2016) (per curiam) (unpublished) (holding that the party to a contract "has standing to assert a breach of contract claim"); *Servicios Azucareros de Venez., C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 801 (5th Cir. 2012) ("[The plaintiff] does not seek to raise anyone else's legal rights; it has asserted its own personal and particularized injuries, not generalized grievances; and its injuries involve the type of interests that have traditionally been protected by the common law of contracts.").

B.

Next, Hira argues that the district court erred when it relied on evidence outside the summary judgment record. Pacific moved for summary judgment and presented an initial calculation of the outstanding loan balance. But it

---

[3] Hira points out that the United States Small Business Administration ("SBA") made a payment on the guaranteed portion of the note. But Hira agreed in the guaranty that her liability would continue even if the SBA paid Pacific.

later discovered that this calculation was wrong, so Pacific moved to supplement the record with an accurate calculation. The district court neither granted nor denied the motion to supplement, but it nevertheless granted summary judgment. When it entered its final judgment, the district court granted Pacific the newly calculated amount. Hira never presented her own calculations, and she does not contest Pacific's calculations.

Again, Hira's arguments are not convincing for two reasons. First, the district court's summary judgment opinion did not depend on Pacific's supplementary damages evidence—the opinion dealt solely with Hira's liability under the guaranty. In granting the summary judgment motion, the district court never purported to calculate the outstanding balance of the note. Instead, the district court ordered the parties to submit proposed final orders after granting summary judgment. Pacific's new evidence did not affect the grant of summary judgment; it affected the final judgment only.

Second, Hira never proposed her own calculations, a step she was required to take by Texas law and the district court's summary judgment order. *RBC Real Estate Fin., Inc. v. Partners Land Dev., Ltd.*, 543 F. App'x 477, 480 (5th Cir. 2013) (per curiam) (unpublished) (upholding a grant of summary judgment because the appellants "did not provide any controverting summary judgment evidence to the district court"); *8920 Corp. v. Alief Alamo Bank*, 722 S.W.2d 718, 720 (Tex. App.—Houston [14th Dist.] 1986 writ ref'd n.r.e.) (granting a motion for summary judgement because the appellants "presented no controverting affidavits that could raise a fact issue as to appellee's method of computation and the accuracy of its figures."). Without providing a competing calculation, Hira failed to raise a genuine issue of material fact. *See RBC Real Estate*, 543 F. App'x at 480.

No. 18-10611

IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.