# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00275-CV

**Courtney Janish, Appellant**

**v.**

**Joseph Janish, Appellee**

## FROM THE 155TH DISTRICT COURT OF FAYETTE COUNTY
## NO. 2022V-194, THE HONORABLE JEFF R. STEINHAUSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Joseph Janish filed for divorce from his wife, Courtney Janish.[1]  Courtney did not file an answer, nor did she appear at trial.  After the trial, at which Joseph was the only witness, the trial court granted the divorce, awarded divided custody of their two children, divided the parties' assets unequally, and ordered that neither party pay any child support.  Within six months after the divorce decree was signed, Courtney filed a restricted appeal challenging the trial court's judgment on several grounds.  We will reverse the judgment and remand the case to the trial court for a new trial.

---

[1]  Because the parties share the same surname, we will, for clarity, refer to them by their given names.

# FACTUAL AND PROCEDURAL BACKGROUND

Joseph and Courtney married in 2016. At the time of trial they had two minor children, a girl and a boy. Joseph testified that the parties' assets included their house, another piece of real property, at least one business, two cars, and a bank account balance. Apparently some of these assets were separate property and some were community property, although the evidence was not completely clear about the specifics of that. Joseph and Courtney separated in approximately December 2021.

Joseph filed a petition for divorce in the District Court of Fayette County. The petition alleged as grounds for the divorce that the marriage had become insupportable and that Courtney had committed adultery. Courtney did not file an answer.

Trial was to the court. Although she had been notified of the trial, Courtney did not appear. Joseph was the only witness, and no exhibits were offered or admitted into evidence.

Following the trial, the trial court signed a judgment that:

1. granted the divorce "on the grounds of insupportability and on the grounds of Respondent committing adultery";

2. divided the parties' assets unequally;

3. ordered a "split conservatorship" of the two children, granting Joseph primary custody of the son and the exclusive right to designate the son's primary residence and granting Courtney primary custody of the daughter and the exclusive right to designate the daughter's primary residence; and

4. awarded no child support.

Courtney did not file any post-judgment motions or requests but filed a notice of restricted appeal less than six month after the judgment was signed. In this appeal, Courtney raises several issues.

2

We will address only the first two: sufficiency of the evidence to support divorce on the grounds of insupportability and adultery.

**DISCUSSION**

To prevail in a restricted appeal,

> the filing party must prove: (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *see also* Tex. R. App. P. 30. The first three requirements are jurisdictional; the fourth is not. *Ex parte E.H.*, 602 S.W.3d 486, 495–97 (Tex. 2020).

Here, the record contains undisputed proof of the first three elements necessary for a restricted appeal. Only the fourth element—error on the face of the record—is at issue.

### *Error on the Face of the Record*

In a standard no-answer default judgment, "the failure to file an answer operates as an admission of the material facts alleged in the petition, except as to unliquidated damages." *Gotch v. Gotch*, 416 S.W.3d 633, 637 (Tex. App.—Houston [14th Dist.] 2013, no pet.). This rule does not apply, however, in a suit for divorce: "In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." Tex. Fam. Code § 6.701; *see Gonzalez v. Gonzalez*, 679 S.W.3d 221, 226 (Tex. App.—Houston [1st Dist.] 2023, no pet.) ("When a divorce defendant defaults, the petitioner must still present evidence to support the material allegations in the divorce petition."). Accordingly, Joseph was obligated to produce evidence of the grounds for divorce that he alleged.

3

Joseph's petition pleaded two bases for the divorce: insupportability and adultery. As for insupportability, the Texas Family Code provides: "On the petition of either party to a marriage, the court may grant a divorce without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation." Tex. Fam. Code § 6.001. As for adultery, the Family Code states: "The court may grant a divorce in favor of one spouse if the other spouse has committed adultery." *Id.* § 6.003. We will examine the record for evidence supporting those allegations.

### I. *Insupportability*

The only evidence that relates to insupportability comes from the following exchange between Joseph and his attorney:

Q (by Joseph's attorney). And do you agree that there is no possibility of being able to put your marriage back together?

A (by Joseph). No.

Q. And do you agree that you've tried?

A. Yes.

The only relevant question is the first one. Because that question was framed in the negative, it is possible Joseph misunderstood it. But we cannot assume that, nor can we speculate that he might have intended a meaning different from the words he actually spoke. As worded, the question asked if Joseph agreed that there was no possibility the marriage could be saved. In other words, Joseph was asked if he agreed the marriage had become insupportable. By answering "no" without

4

further explanation, Joseph was stating that he did *not* believe the marriage had become insupportable.[2] That does not constitute evidence of insupportability.

## II. Adultery

"A party may prove adultery by direct or circumstantial evidence; however, the proof must be 'clear and positive[,]' and 'mere suggestion and innuendo are insufficient.'" *Escalante v. Escalante*, 632 S.W.3d 573, 579 (Tex. App.—El Paso 2020, no pet.) (quoting *Gerges v. Gerges*, 601 S.W.3d 46, 64 (Tex. App.—El Paso 2020, no pet.)); *see also In re Marriage of Hottinger*, No. 07-20-00211-CV, 2021 WL 4453668, at *2 (Tex. App.—Amarillo Sept. 29, 2021, no pet.) (mem. op.).

In the present case, the only testimony that mentioned adultery at all was in the following exchange between Joseph and his attorney:

Q. Okay. Unfortunately, do you agree that you have pled for grounds -- multiple grounds, more than just insupportability in this case?

A. Yes.

Q. In terms of cruelty and adultery?

A. Yes.

There was no further evidence regarding adultery.

---

[2] Shortly after the quoted exchange, Joseph's attorney asked him another question that was framed in the negative:
Q. So do you agree it's not a standard visitation schedule?
A. Yes.
By answering "yes" to that question, Joseph demonstrated that he understood how to answer a question that was framed in the negative.

Pleadings are generally not evidence. *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971); *see also American Citigroup Real Est. Inc. v. Texas Elec. Residential Contractors, LLC*, No. 14-23-00822-CV, 2024 WL 5252060, at *4 (Tex. App.—Houston [14th Dist.] Dec. 31, 2024, no pet. h.) (mem. op.). Accordingly, the foregoing testimony does not constitute any evidence of adultery.

"In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in [an appellate court's] assessment of whether the trial court abused its discretion." *In re J.Y.O.*, No. 22-0787, 2024 WL 5250363, at *9 n.92 (Tex. Dec. 31, 2024) (quoting with approval *In re J.Y.O.*, 684 S.W.3d 796, 802 (Tex. App.—Dallas 2022), *aff'd in part, rev'd in part*, No. 22-0787, 2024 WL 5250363 (Tex. Dec. 31, 2024)).

The record in the present case contains no evidence of the two grounds for divorce Joseph pleaded. Accordingly, the trial court abused its discretion in granting the divorce. *See, e.g., Steele v. Steele*, No. 03-07-00011-CV, 2009 WL 2567911, at *5 (Tex. App.—Austin Aug. 19, 2009, no pet.) (mem. op.) ("[B]ecause Juarez presented no evidence concerning conservatorship, child support, the parties' marital assets and debts, or attorney's fees, the trial court lacked sufficient evidence upon which to exercise its discretion with regard to these matters."). This error is apparent on the face of the record.

We sustain Courtney's first two appellate issues. As a result, we need not address her other issues.

**CONCLUSION**

Having concluded that the trial court abused its discretion in granting the divorce, we reverse the court's judgment and remand the case to that court for a new trial.

_____

J. Woodfin Jones, Justice

Before Justices Kelly, Theofanis, and Jones*

Reversed and Remanded

Filed:   February 14, 2025

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).