**Reversed and Remanded and Opinion filed September 19, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00444-CV

---

**GLENDA GOTCH, Appellant**

**V.**

**DAVID TERRY GOTCH, Appellee**

---

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 1998-27953**

---

## O P I N I O N

Glenda Gotch appeals from a take-nothing judgment entered against her after she sued her ex-husband, appellee David Terry Gotch, for breach of contract. In her pleading, Glenda alleged that David breached their Agreed Final Decree of Divorce by failing to pay debt that he incurred post-divorce and that such failure caused her damages. The trial court denied Glenda's motion for a no-answer default judgment and subsequently entered the take-nothing judgment. We reverse

and remand.

## *Background*

The parties' Agreed Decree was signed on March 25, 1999. As a part of that decree, David promised to pay certain categories of debts and obligations and to "indemnify and hold [Glenda] harmless from any failure to so discharge these debts and obligations." Among the listed categories was "any and all debts . . . incurred by [David] on or after the date of separation." Also among the categories was a provision "award[ing]" David all credit cards, credit card accounts, debts, and liabilities in his name. Glenda made similar promises.

On February 5, 2010, Glenda filed a new pleading in the same district court where the divorce action occurred, naming David and LHR, Inc., a collection agency, as Respondents/Defendants.[1] The pleading was titled "Motion to Reduce Obligation to Monetary Judgment, and For Damages, and In the Alternative, Motion for Clarification, Motion for Enforcement, Motion for Declaration of Rights of Parties, Together with Service of Discovery Requests." Glenda asserted that, after signing the Agreed Decree, David incurred and defaulted on at least $13,654.53 of credit card debt in an account that was in both of their names, resulting in collection activities against Glenda by the credit card company, damage to her reputation and credit history, impairment of her ability to obtain credit, and the hiring of an attorney to clear her credit history.[2] Glenda asserted that David breached the Agreed Decree, causing her damages.[3] The record reflects

---

[1] Glenda later nonsuited her action against LHR prior to final judgment.

[2] Glenda also alleges that David failed to take her name off the account. However, the only section of the Agreed Decree that required either party to remove the other's name from an account dealt with "loans on any property awarded to the other party." The account at issue was a credit card account, not a loan on property awarded to David.

[3] Glenda additionally and alternatively sought declaratory judgment and enforcement or clarification of the decree. She later nonsuited these claims.

2

that the pleading was served on David along with requests for disclosure, admissions, and production. David, however, did not file any response or answer to Glenda's pleading, did not respond to the discovery requests, and to date has not made any appearance in the proceedings.

On April 16, 2010, Glenda filed a motion for default judgment with attached evidence, including the unanswered requests for admissions and documentation regarding the account in question.[4] The associate judge of the court held a hearing on the motion the same day. Glenda's position was that (1) David had opened an account in both their names during the marriage; (2) at the time of divorce, the balance on the account was zero; (3) subsequent to divorce being granted, David incurred additional charges on the account and failed to pay them (thus breaching the Agreed Decree); and (4) the credit card company and a collection agency looked to Glenda for payment on the account, thus damaging her credit and requiring her to hire an attorney in order to clear her credit history. The associate judge recommended denying the motion, stating in his report that there was "insufficient proof of damages." No de novo hearing was requested.[5] A second default judgment hearing was held on July 30, at which Glenda again presented the deemed admissions, her own testimony regarding the alleged breach and damage to her credit, and her attorney's testimony on fees. In his report disapproving the default dated September 2, the associate judge stated, in relevant part, "Plus 4

___

[4] Texas Rule of Civil Procedure 198.2 provides that "[t]he responding party must serve a written response [to requests for admissions] on the requesting party within 30 days after service of the request." Tex. R. Civ. P. 198.2(a). If a response is not timely served, the request is considered admitted without the necessity of a court order. Tex. R. Civ. P. 198.2(c). Matters deemed admitted under the rule are conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission. Tex. R. Civ. P. 198.3. Deemed admissions may be employed as proof in a default judgment. *Resurgence Fin., LLC v. Taylor*, 295 S.W.3d 429, 433 (Tex. App.—Dallas 2009, pet. denied).

[5] Pending a de novo hearing before the referring court, a proposed order of the associate judge is in full force and effect. *See* Tex. Fam. Code § 201.013.

3

Master Card [the account in question] was not specifically identified in the [Agreed Decree], Glenda Gotch was not liable for the debt created by David Gotch and David Gotch is not liable for the wrongful acts of Plus 4 Master Card toward Glenda Gotch."[6] Glenda requested a de novo hearing before the trial court.[7] The presiding judge subsequently denied the motion and the default, noting on the undated order "Not Approved. See docket sheet."[8] Glenda again presented her motion to the associate judge on June 7, 2011, offering additional evidence, including further documentation regarding the charges on the account. The

---

[6] The associate judge was correct in part that the account in question was not specifically identified in the Agreed Decree. David was "ordered to pay 100% of the following indebtedness," but no specific account was listed in that paragraph. However, David was ordered to pay this account pursuant to other paragraphs of the Agreed Decree, as recited above. Further, there was no evidence that Glenda Gotch was not liable for the debt created by David Gotch or that the credit card's collection efforts regarding Glenda were wrongful. A statement showing Glenda's name on the account was introduced into evidence. The contract with the credit card company was not. The judge was no doubt aware that any debt incurred following the divorce would not be community property debt; however, there was no evidence that the marital status of the account holders relieved either party of legal liability for the debt or prohibited the credit card company's collection efforts.

[7] Glenda's pleading was titled "Notice of Appeal of Associate Judge's Report to Referring Court and Motion for Pre-Trial Conference." The record on appeal does not contain a reporter's record from any proceedings before the presiding judge, but a docket entry indicates that an "off-docket conference with counsel" was held during this time frame, on September 28, 2010. Because Glenda properly requested a de novo hearing, we shall treat the "off-docket conference" as such. *See* Tex. Fam. Code § 201.015 (governing de novo hearings before the presiding judge); *Niemann v. Niemann*, No. 11-12-00036-CV, 2012 WL 3640287, at *1 (Tex. App.—Eastland Aug. 23, 2012, no pet.) (mem. op.) (holding the requirement that the referring court hold a de novo hearing is mandatory and a failure to hold the hearing is reversible error).

[8] Entries on docket sheets are not generally considered to be trial court orders or findings. *See N–S–W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977) (orig. proceeding); *Haut v. Green Café Mgmt., Inc.*, 376 S.W.3d 171, 178 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Nonetheless, docket entries may be used by appellate courts as an indication of what transpired in the trial court. *See Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 229 (Tex. 1999); *Haut*, 376 S.W. 3d at 179. The docket entry in question, although difficult to read, indicates the judge told Glenda's counsel that she could not enforce the Agreed Decree in the manner requested and that the proper action would be against the credit card company or others. Because the court did not adopt the associate judge's report, we shall not consider the findings in that report. *See generally In re N.T.*, 335 S.W.3d 660, 669 (Tex. App.—El Paso 2011, no pet.) (explaining that de novo appeal from associate judge's ruling is a new and independent action).

4

associate judge issued a new report, stating "[t]he new evidence does not cure the findings contain[ed] in AJ Report signed 9/2/2010. . . ." Thereafter, the presiding judge signed an order denying default judgment "after considering all of the evidence admitted," and Glenda nonsuited her other claims and requested the court enter a final judgment so that she could file an appeal.[9] The presiding judge then signed a final judgment ordering Glenda take nothing on her breach of contract claims.

### *Governing Law*

We review the denial of a default judgment for abuse of discretion. *Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "With respect to factual matters, a trial court abuses its discretion if, under the record, it reasonably could have reached only one decision and it failed to do so." *Moroch v. Collins*, 174 S.W.3d 849, 864–65 (Tex. App.—Dallas 2005, pet. denied) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). A trial court's failure to correctly analyze or apply the law constitutes an abuse of discretion. *Walker*, 827 S.W.2d at 840.

A plaintiff may seek a default judgment if the time has passed for the defendant to answer, the defendant has not answered, and the citation with the officer's return has been on file with the clerk for at least ten days. *See* Tex. R. Civ. P. 107, 239. In a no-answer default judgment, the failure to file an answer operates as an admission of the material facts alleged in the petition, except as to unliquidated damages. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83

---

[9] Ordinarily, the denial of a default judgment is an interlocutory order not subject to appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014. However, appellate courts have considered the denial of a default judgment when, as here, the denial is challenged in an appeal from a final judgment or order. *Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.)

5

(Tex. 1992).[10] Therefore, a plaintiff is only required to prove damages. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam) (citing *Holt Atherton*, 835 S.W.2d at 83). Proof of damages must necessarily include proof of a causal connection between the event sued upon and the alleged damages. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731-32 (Tex. 1984).

To recover consequential damages in a breach of contract action, the plaintiff must show that the damages sought were the natural, probable, and foreseeable consequence of the defendant's conduct. *Mead v. Johnson Grp., Inc.*, 615 S.W.2d 685, 687–88 (Tex. 1981); *Tidwell Props., Inc. v. Am First Nat'l Bank*, No. 14-04-00120-CV, 2006 WL 176862, at *3 (Tex. App.—Houston [14th Dist.] Jan. 26, 2006, no pet.); *see also Stuart v. Bayless*, 964 S.W.2d 920, 921 (Tex. 1988) (discussing *Mead* and stating that to be recoverable, consequential damages in a breach of contract case must have been contemplated by the parties as the probable result of a breach at the time they made the contract, foreseeable, and directly traceable to and resulting from the breach). The absence of a causal connection between the alleged breach and the alleged damages precludes recovery. *S. Elec. Servs., Inc. v. City of Houston*, 355 S.W.3d 319, 324 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *Abraxas Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 758 (Tex. App.—El Paso 2000, no pet.).

*Discussion*

The presiding judge denied default judgment "based on the evidence" but did not make any formal findings of fact. When no findings of fact or conclusions

---

[10] A claim for damages is liquidated if the amount of damages can accurately be calculated by the court from the factual, as opposed to the conclusory, allegations in the petition and written instruments. *See Novosad v. Cunningham*, 38 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Glenda acknowledges here that her claimed damages are unliquidated.

of law are requested or filed, we presume that the trial court made all findings necessary to support its judgment and affirm if there is any legal theory sufficiently raised in the evidence in support of the judgment. *Preston Reserve, L.L.C. v. Compass Bank*, 373 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Endsley Elec., Inc. v. Altech, Inc.*, 378 S.W. 3d 15, 21 (Tex. App.—Texarkana 2012, no pet.). When a reporter's record is filed, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

Because we believe it to be an issue that concerned the lower court judges, we will begin by addressing the foreseeability of Glenda's alleged damages.[11] The evidence admitted in the hearing included twenty-seven specific admissions. The evidence proves that David was properly served with the request for admissions and failed to respond to them. *See* Tex. R. Civ. P. 198.3 (providing that matters deemed admitted are conclusively established as to the party making the admission unless the trial court permits the party to withdraw or amend the admissions). Among the specific admissions was, "That, as a result of [David's] violation of the [divorce decree], [Glenda] has . . . suffer[ed] actual damages." At least five additional specific admissions outlined Glenda's damages. *See Jackson v. Gutierrez*, 77 S.W.3d 898, 902 (Tex. App.—Houston [14th Dist.] 2002, no pet.)

---

[11] The trial court judges repeatedly expressed concerns regarding Glenda's damages. Specifically, the associate judge indicated that there was insufficient evidence of damages, David was not liable for the wrongful acts of the credit card company toward Glenda, and the proper action for recovery of the alleged damages probably lay against the credit card company or collection agency. Although the associate judge used the word "liable," it is apparent from the context that he meant there was an insufficient causal connection between David's breach and Glenda's alleged damages because those damages were the result of what the judge called a wrongful act by a third party. In other words, the judge concluded that Glenda's damages were caused by the actions of the credit card company or collection agency and, therefore, David was not liable for those damages. The presiding judge, in turn, appears to have based his decision on the reports by, and consultation with, the associate judge.

(providing that testimony in a restricted appeal from a no-answer default judgment in a negligence action that the plaintiff "went to the hospital, met with two doctors, received medication, paid her car insurance deductible, lost wages, and had pain and mental anguish, all 'as a result of the accident,'" was sufficient to satisfy the causal-nexus requirement). Further, Glenda testified that, at the time the Agreed Decree was signed, she intended and expected that David would comply with the Agreed Decree and would pay all the bills he was ordered to pay.

In her briefing to this court, Glenda details the allegations she made in her pleadings and the evidence she presented to the court in the several hearings in order to establish David's liability and the amount of her damages.[12] She also argues that her testimony provided "a strong, logically traceable connection between" David's breach and Glenda's damages that would be sufficient proof of causation under *Morgan*. 675 S.W.2d at 731-32 (stating that proof of damages in default context must necessarily include proof of a causal connection between the event sued upon and the alleged damages). Glenda established that her damages were the natural, probable, and foreseeable consequence of David's conduct. *Mead*, 615 S.W.2d at 687–88.

David admitted that Glenda's reasonable and necessary attorney's fees were "at least $5,000" and that Glenda's actual damages resulting from his actions were at least $13,6545.53. Glenda testified that "$3,000 would be fair" to compensate her for injury to her credit. We find that, under this record, the trial court reasonably could have found only that Glenda sustained damages and it failed to

---

[12] Glenda relies on the Texas Supreme Court's opinion in *Mead*, 615 S.W.2d 685, in arguing that she can recover for her loss of credit caused by David's breach of contract. In *Mead*, the Texas Supreme Court held that actual damages for loss of credit may be recovered when there is evidence that the loss was a natural, probable, and foreseeable consequence of the defendant's breach. *Id*. at 687–88.

do so.  *See Moroch*, 174 S.W.3d at 864–65; *cf. Crown Asset Mgmt., L.L.C. v. Bogar*, 264 S.W.3d 420, 423-24 (Tex. App.—Dallas 2008, no pet.) (holding trial court did not abuse its discretion by denying plaintiff's motion for default judgment when plaintiff failed to provide sufficient proof of unliquidated damages).  Consequently, we conclude the trial court abused its discretion in denying Glenda's motion for default judgment and granting a take-nothing judgment.

We sustain Glenda's sole issue, reverse the trial court's judgment, and remand for further proceedings in accordance with this opinion.[13]


                            /s/          Martha Hill Jamison
                                         Justice


Panel consists of Justices Christopher, Jamison, and McCally.

---

[13] *See Aguilar*, 154 S.W.3d at 835 (remanding for consideration of damages upon reversing denial of default judgment).