# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00120-CV

The State of Texas; The City of Garland, Texas; and
the Transit Authority of Dallas MTA, Texas, Appellants

v.

Kevin Buchanan, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-16-005181, HONORABLE TIM SULAK, JUDGE PRESIDING

O P I N I O N

A jury found that Appellants the State of Texas; the City of Garland, Texas; and the Transit Authority of Dallas MTA, Texas, (collectively, the State) were entitled to prevail on their respective state, municipal, and transit-authority sales-tax claims against appellee Kevin Buchanan. The trial court rendered a judgment per the jury's verdict. However, the trial court's judgment did not award the State any attorney's fees. The State appeals that portion of the judgment, arguing that an award is mandatory. *See* Tex. Gov't Code § 2107.006 ("In any proceeding under this chapter or other law in which the state seeks to collect or recover a delinquent obligation or damages, the attorney general may recover reasonable attorney fees, investigative costs, and court costs incurred on behalf of the state in the proceeding in the same manner as provided by general law for a private litigant."). We agree with the State and will reverse the portion of the trial court's judgment

awarding the State no attorney's fees and remand the issue of attorney's fees for a new trial. We affirm the trial court's judgment in all other respects.

**BACKGROUND**

The State filed a lawsuit against Buchanan for delinquent sales- and use-tax liability in his capacity as the court-appointed receiver for a pizza restaurant, Brooklyn's Firewheel, LLC. *See* Tex. Tax Code § 111.016(a) ("Any person who receives or collects a tax or any money represented to be a tax from another person holds the amount so collected in trust for the benefit of the state and is liable to the state for the full amount collected plus any accrued penalties and interest on the amount collected."). Specifically, the State's petition alleged that Buchanan, as receiver of Brooklyn's Firewheel since 2015, "collected trust fund sales and use taxes and filed sales and use tax returns with the Comptroller . . . but failed to remit those sums to the Comptroller" and the sums had remained unpaid "despite demand for payment." The State sought judgment against Buchanan for $22,114.41, $3,788.24, and $3,788.24 for unpaid state, municipal, and transit-authority sales and use taxes, respectively. The State pleaded that it was entitled to attorney's fees and prayed for their recovery. *See* Tex. Gov't Code § 2107.006.

At the close of evidence, the trial court submitted questions to the jury including the following: "What is a reasonable fee, if any, for the necessary services of the State's attorney, stated in dollars and cents?" The jury answered "0" to the question. The jury also answered "No" to the following question: "Did the Defendant, Kevin Buchanan, conclusively establish that the Certificate of the Comptroller of Public Accounts for Brooklyn's Firewheel, LLC, for the tax period, February 1, 2016 through July 31, 2016, admitted as Plaintiff's Exhibit 1, is incorrect?" *See* Tex.

2

Tax Code § 111.103 (stating that Comptroller's certificate of delinquency is prima facie evidence of amount of tax, interest, and penalties that are delinquent). Before the court rendered its judgment, the State filed a motion to disregard the jury's finding on attorney's fees or, in the alternative, a motion for new trial, asserting that the jury's finding had no support in the evidence, *see* Tex. R. Civ. P. 301, and that an award of attorney's fees was statutorily mandated, *see* Tex. Gov't Code § 2107.006. The trial court rendered judgment awarding the State the damages it sought, per the jury's verdict as to the Comptroller's delinquency certificate, but did not award any attorney's fees. The State filed another motion for new trial on the issue of attorney's fees, reasserting that they are statutorily mandated and contending that the evidence was factually insufficient to support the jury's verdict on attorney's fees. The trial court denied the motion. The State appeals.

## DISCUSSION

In its first issue, the State contends that the jury lacked discretion, as a matter of law, to find that the State did not incur any reasonable and necessary attorney's fees because the State, as the prevailing party, was entitled to its fees under section 2107.006 of the Government Code. *See id.* The State contends that an award of attorney's fees is mandatory under this section.

Buchanan responds that the State failed to preserve this complaint because it did not object to submission of the jury question on the issue of attorney's fees, which read: "What is a reasonable fee, *if any*, for the necessary services of the State's attorney, stated in dollars and cents?" (Emphasis added.) Specifically, Buchanan contends that the question's use of the conditioning language "if any" afforded the jury discretion to refuse to award any attorney's fees and instructed the jury that a fee award was not mandatory; therefore, he continues, the State cannot complain

3

about the question on appeal because it did not object to the possibility—raised by the question as submitted—that the jury could find that *no* attorney's fees were reasonable and necessary. We conclude that the State did not waive its contention that an attorney's-fees award is mandatory under section 2107.006.

The availability of attorney's fees under a particular statute is a question of law for the court and, therefore, a "jury's finding about the *amount* of reasonable attorney's fees is immaterial to the ultimate legal issue of whether such fees are recoverable under [a particular statute.]" *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (holding that party did not waive its contention that attorney's fees were not available under particular statute by failing to object to submission of jury question). "A jury can determine the amount of attorney's fees whether or not they can be recovered under the theory of law submitted to the jury," *id.*, which is what occurred here. Furthermore, the State asserted its claim that an award of fees is mandatory in its motion to disregard and alternative motion for new trial, which gave the trial court ample opportunity to rule on the availability of fees before an erroneous judgment was rendered. *Id.*

The supreme court has determined that statutes such as the one at issue, providing that a party "may recover" attorney's fees, are not discretionary. *See In re Bent*, 487 S.W.3d 170, 184 (Tex. 2016) (recognizing that section 541.152 of Insurance Code, providing that prevailing plaintiff "may obtain" reasonable and necessary attorney's fees, "renders an attorney's-fee award mandatory," provided plaintiff meets burden to establish fees are "reasonable and necessary"); *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) (holding that "trial court has no discretion to deny attorney's fees when presented with evidence of the same" under section 38.001 of Civil Practice

4

and Remedies Code, which provides that person "may recover reasonable attorney's fees"); *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ("Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary."); *see also Weaver v. Tobin*, No. 03-04-00350-CV, 2008 WL 2777487, at *6 (Tex. App.—Austin July 18, 2008, pet. denied) (mem. op.) (citing *Bocquet* for proposition that statutes providing that party "may recover" attorney's fees "are not discretionary"); *Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 674–76 (Tex. App.—Austin 2006, no pet.) (holding that section 42.29 of Tax Code, providing that property owner "may be awarded reasonable attorney's fees," is mandatory).[1]  When a statute provides for mandatory recovery of attorney's fees, the trial court has no discretion but to award them if they are pleaded and proved. *See Ventling*, 466 S.W.3d at 154; *Weaver*, 2008 WL 2777487, at *6 (citing *Holland*, 1 S.W.3d at 94).  Applying the rule delineated by the supreme court, we hold that section 2107.006's use of the phrase "the attorney general may recover reasonable attorney fees" makes an award of fees under that section mandatory upon demand and proof thereof. *See Ventling*, 466 S.W.3d at 154; *Bocquet*, 972 S.W.2d at 20; *Weaver*, 2008 WL 2777487, at *6.

In its second issue, the State contends that the jury's finding of zero reasonable and necessary attorney's fees is not supported by factually sufficient evidence. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam) (noting that when party attacks factual sufficiency of finding on which it had burden of proof, appellate court must consider and weigh all

---

[1]  To the extent that a prior opinion of this Court conflicts with our holding today, *see State v. Montano*, 313 S.W.3d 854, 859–60 (Tex. App.—Austin 2010, no pet.) ("We believe an award of attorney's fees [under Government Code section 2107.006] would fall within the district court's discretion."), we recognize that the supreme court has impliedly overruled it. *See In re Bent*, 487 S.W.3d 170, 184 (Tex. 2016); *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015).

evidence and "can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust"). On this record, we must agree with the State.

The State's attorney testified about many of the *Arthur Andersen* factors that a jury may consider in determining reasonable attorney's fees, and the jury was instructed on those factors. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). For example, the State's attorney explained that State attorneys spent 270 hours on the case but that he was seeking payment for only 190.25 of them, which were the hours that he personally spent on the case. He testified about his experience and explained that the case required greater skill than usual and involved "novel" and difficult issues due in part to its unusual "posture" and Buchanan's "zealous" defense of what should have been "a simple accounting matter" because Buchanan had filed all the relevant returns but had simply not paid the amounts due. He explained that most sales-tax-delinquency cases get resolved by default judgments and that the State did not request a jury trial—Buchanan did—because jury trials typically require more preparation and expenditure of time. He also testified that his hourly rate of $250 is based on the skill that is required to handle cases of this type in Travis County and is equivalent to what similarly experienced attorneys in the area would charge. He supported his testimony with admitted exhibits. "Texas courts consistently hold that [an] attorney's testimony about his experience, the total amount of fees, and the reasonableness of the fees charged is sufficient to support an award." *Jeff Kaiser, P.C. v. State*, No. 03-15-00019-CV, 2016 WL 1639731, at *5 (Tex. App.—Austin Apr. 20, 2016, pet. denied) (mem. op.).

6

In rebuttal, Buchanan—a board-certified, personal-injury trial lawyer with about twenty-five years' experience—testified about "what I think would be a reasonable attorney's fee in this case." He opined that 270 hours "is ridiculous." He explained that he thought the State's attorney had "overprepar[ed] this case. . . . spending hours and hours and hours that don't need to be spent preparing for trial." He further opined that this is a "simple, simple case"—that if he was unable to negate the delinquency certificate, the State would "win." Buchanan testified that he believed the most important factor to consider was the amount in controversy, which was about $25,000—"Period, the end. It's my opinion in this case, the fees, if any, against me should not exceed the amount the [State] recovered, $25,000 and change."

Essentially, Buchanan opined that the State's attorneys spent too many hours on the case; however, he did not contest that the State's attorneys spent *some* amount of hours on the case or contend that their hourly rate was too high. More importantly, he did not affirmatively testify that no attorney's services were needed or that any services provided were of no value. As a factual matter, a zero award for attorney's fees is proper only if the evidence (1) failed to prove (a) that any attorney's services were provided, or (b) the value of the services provided; or (2) affirmatively showed that no attorney's services were needed or that any services provided were of no value. *Recognition Commc'ns, Inc. v. American Auto. Ass'n, Inc.*, 154 S.W.3d 878, 891 (Tex. App.—Dallas 2005, pet. denied).

"While the jury could have rationally concluded that a reasonable and necessary fee was less than the amount sought, an award of no fees was improper in the absence of evidence affirmatively showing that no attorney's fees were needed or that any services provided were of no

7

value." *Midland W. Bldg., L.L.C. v. First Serv. Air Conditioning Contractors, Inc.*, 300 S.W.3d 738, 739 (Tex. 2009). The State's attorney testified extensively regarding its office's time and services rendered throughout this case and a companion proceeding in Dallas, as outlined above. Accordingly, we find that the jury's finding of "0" was against the great weight and preponderance of the evidence. *See Exxon Corp. v. Pollman*, 729 S.W.2d 302, 306 (Tex. App.—Tyler 1986, writ ref'd n.r.e.) (where attorney's-fees jury question included same "if any" qualifying words at case at bar, finding that evidence was factually insufficient to support jury's finding of zero attorney's fees and remanding that issue for new trial). We find the State is entitled to a new trial on attorney's fees. *See Midland W. Bldg.*, 300 S.W.3d at 739.

## CONCLUSION

We reverse the portion of the trial court's judgment awarding the State no attorney's fees and remand the issue of attorney's fees for a new trial. We affirm the remainder of the judgment.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed in Part; Reversed and Remanded in Part

Filed: March 27, 2019

8