ACCEPTED
15-25-00042-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/29/2025 2:28 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00042-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/29/2025 2:28:17 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

---

THE STATE OF TEXAS, THE CITY OF EL PASO, TEXAS; THE TRANSIT AUTHORITY
OF EL PASO CTD, TEXAS; AND THE COUNTY OF EL PASO, TEXAS
*Appellants,*

vs.

JONATHAN ALVIDRES RUIZ,
*Appellee.*

---

Appeal from the 459th District Court of Travis County, Texas,
No. D-1-GN-24-009288, the Honorable Maya Guerra Gamble presiding

---

**BRIEF OF APPELLANTS**

---

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General
For Civil Litigation

RACHEL R. OBALDO
Chief, Bankruptcy & Collections Division

AQUINA J. JOHNSON
State Bar No. 24126164
aquina.johnson@oag.texas.gov
TAYLOR WHITLOW HOANG
State Bar No. 24102646
taylor.hoang@oag.texas.gov
Bankruptcy & Collections Division
P.O. Box 12548, MC 008
Austin, Texas 78711-2548
Tel: (512) 463-2173
Fax: (512) 936-1409
COUNSEL FOR APPELLANTS

**ORAL ARGUMENT CONDITIONALLY NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to the proceedings in the trial court below, together with the names and addresses of all counsel in accordance with Texas Rule of Appellate Procedure 38.1(a):

**Appellants:**                                      **Appellee:**

The State of Texas                                   Jonathan Alvidres Ruiz
The City of El Paso, Texas
The Transit Authority of El Paso
CTD, Texas
The County of El Paso, Texas

**Appellate Counsel for Appellants:**

Aquina J. Johnson
Taylor Whitlow Hoang
OFFICE OF THE ATTORNEY GENERAL
BANKRUPTCY & COLLECTIONS
DIVISION
P.O. Box 12548
Austin, Texas 78711-2548

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS.............................................................................. iii

INDEX OF AUTHORITIES ...........................................................................v

ABBREVIATIONS AND RECORD REFERENCES ..................................... viii

STATEMENT OF THE CASE....................................................................... ix

STATEMENT REGARDING ORAL ARGUMENT ...........................................x

ISSUES PRESENTED ..................................................................................x

STATEMENT OF FACTS ..............................................................................1

    I.    The State sued Ruiz under a trust fund statute to collect delinquent sales and use tax. ........................................................1

    II.    On submission, the trial court granted a default judgment on the State's claim for delinquent sales and use tax but entered a take nothing judgment on the State's claim for attorney fees as the prevailing party. .................................................................1

    III.    The trial court denied the State's motion for new trial on the issue of attorney fees..........................................................2

SUMMARY OF THE ARGUMENT ...................................................................3

ARGUMENT AND AUTHORITIES.................................................................4

    I.    The trial court erred when it denied an award of attorney fees to the State because it was a violation of due process and against the statutory mandate of an attorney fees award to the State as the prevailing party. ..........................................................4

        A.    The trial court's denial of attorney fees to the State, without an opportunity for a hearing or trial, was a violation of due process..............................................................4

        B.    The trial court lacked discretion to deny an award of attorney fees to the State pursuant to Section 2107.006 of the Texas Government Code, which mandates an award of attorney fees to the State as the prevailing party. ...................7

iii

II.  The trial court erred when it failed to grant the State's reasonable and necessary attorney fees that were properly pleaded and proved in its Unsworn Declaration of Attorney Fees..................................................................................................9

CONCLUSION AND PRAYER ........................................................................13

CERTIFICATE OF COMPLIANCE WITH RULE 9.4......................................15

CERTIFICATE OF SERVICE ..........................................................................16

iv

# INDEX OF AUTHORITIES

**CASES**                                                             **Page(s)**

*Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*,
    212 S.W.3d 665
    (Tex. App.—Austin 2006, no pet.) ..........................................................................9

*Aguilar v. Livingston*,
    154 S.W.3d 832
    (Tex. App.—Houston [14th Dist.] 2005, no pet.) ....................................6

*Arthur v. Braeburn Plaza Inc. HOA*,
    No. 01-23-00161-CV, 2025 WL 1033752
    (Tex. App.—Houston Apr. 8, 2025, no pet. h.) ..........................................6

*Bell v. Texas Workers Comp. Comm'n*,
    102 S.W.3d 299
    (Tex. App.—Austin 2003, no pet.)............................................................4

*Beller v. Fry Roofing, Inc.*,
    No. 04-05-00159-CV, 2005 WL 3115828
    (Tex. App.—San Antonio Nov. 23, 2005, no pet.) ................................4–5

*Bocquet v. Herring*,
    972 S.W.2d 19 (Tex. 1998) ..............................................................7, 8, 9

*Cale's Clean Scene Carwash, Inc. v. Hubbard*,
    76 S.W.3d 784
    (Tex. App.—Houston [14th Dist.] 2002, no pet.) ....................................10

*Cap Rock Elec. Coop. v. Tex. Utils. Elec. Co.*,
    874 S.W.2d 92
    (Tex. App.—El Paso 1994, no writ)..........................................................6

*Gotch v. Gotch*,
    416 S.W.3d 633
    (Tex. App.—Houston [14th Dist.] 2013, no pet.) ..................................5, 6

*Hartford Cas. Ins. Co. v. State*,
　　159 S.W.3d 212
　　(Tex. App.—Austin 2005, pet. denied) ...............................................4, 5, 6

*Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*,
　　295 S.W.3d 650 (Tex. 2009) ...................................................................9

*McMillin v. State Farm Lloyds*,
　　180 S.W.3d 183
　　(Tex. App.—Austin 2005, pet. denied) ....................................................7, 9

*Midland W. Bldg., L.L.C. v. First Serv. Air Conditioning Contractors, Inc.*,
　　300 S.W.3d 738 (Tex. 2009) ...................................................................12

*Ragsdale v. Progressive Voters League*,
　　801 S.W.2d 880 (Tex. 1990) ...............................................................12–13

*Recognition Commc'ns, Inc. v. Am. Auto Ass'n, Inc.*,
　　154 S.W.3d 878
　　(Tex. App.—Dallas 2005, pet. denied) ...........................................8, 10, 11

*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*,
　　578 S.W.3d 469 (Tex. 2019) ..........................................................10, 11–12

*State v. Buchanan*,
　　572 S.W.3d 746
　　(Tex. App.—Austin 2019, no pet.).........................................7, 8, 9, 10, 11

*Tex. Commerce Bank, Nat'l Ass'n v. New*,
　　3 S.W.3d 515 (Tex. 1999) ...................................................................5, 6

*Univ. of Tex. Med. Sch. v. Than*,
　　901 S.W.2d 926 (Tex. 1995) ...................................................................4

*Ventling v. Johnson*,
　　466 S.W.3d 143 (Tex. 2015) .............................................................7, 8, 9

*World Help v. Leisure Lifestyles, Inc.*,
　　977 S.W.2d 662
　　(Tex. App.—Fort Worth 1998, pet. denied)..............................................8

*Yeoung Jin Kim v. Kim*,
    No. 02-19-00228-CV, 2020 WL 5047896
    (Tex. App.—Fort Worth Aug. 27, 2020, no pet.) ........................................4

**STATUTES**

TEX. CIV. PRAC. & REM. CODE § 38.001 ...............................................................7

TEX. CIV. PRAC. & REM. CODE § 132.001 .............................................................6

TEX. GOV'T CODE § 2107.006 ...............................................................................8

TEX. R. CIV. P. 243 ..............................................................................................5

## ABBREVIATIONS AND RECORD REFERENCES

**PARTIES:**

"Appellants" or the "State" means Appellants the State of Texas, the City of El Paso, Texas; the Transit Authority of El Paso CTD, Texas; and the County of El Paso, Texas.

The "Comptroller" means the Texas Comptroller of Public Accounts.

"Attorney General" means the Office of the Attorney General of the State of Texas.

"Appellee" or "Ruiz" means Appellee Jonathan Alvidres Ruiz.

**RECORD REFERENCES:**

Citations to the Appendix ..........................................................."(App. Tab [#])"
Citations to the Clerk's Record......................................................"(CR [page #])"

# STATEMENT OF THE CASE

Nature of the Case: The State of Texas and local taxing authorities (the "State") sued to collect unpaid sales and use taxes, penalties, and interest from Jonathan Alvidres Ruiz ("Ruiz").

Course of Proceedings: The State submitted its Motion for Entry of Default Judgment to the trial court for consideration pursuant to the Travis County Standing Order for Submission Procedures in Civil and Family Cases. (CR 12–19). The trial court rendered judgment in favor of the State on the sales and use taxes but rendered a take nothing judgment on the State's claim to attorney fees and court costs. (CR 28–30; App. Tab 2). The State filed a motion for a new trial on the issue of attorney fees, which was denied. (CR 31–39; App. Tab 3).

Trial Court: The 459th District Court, Travis County, Texas; the Honorable Maya Guerra Gamble presiding.

Trial Court's Disposition: The trial court's judgment awarded the State the full sales and use tax liability against Ruiz but awarded no attorney fees or court costs. (CR 28–30; App. Tab 2).

## STATEMENT REGARDING ORAL ARGUMENT

Appellants do not believe that oral argument is necessary to resolve this appeal because controlling Supreme Court of Texas precedent, in conjunction with the relevant section of the Texas Government Code, requires an award of attorney fees to Appellants as the prevailing parties. Furthermore, Appellants believe the legal issues can be adequately argued through briefing. However, if this Court determines that oral argument is required, Appellants request time to present their position to the Court.

## ISSUES PRESENTED

1.  Did the trial court err when it rendered a take-nothing judgment on the State's claim for attorney fees in its Motion for Entry of Default Judgment when the State was the prevailing party?

2.  Did the trial court err by denying the State's claim for reasonable and necessary attorney fees when the State pleaded and proved its entitlement to the statutorily mandated fees?

## STATEMENT OF FACTS

### I. The State sued Ruiz under a trust fund statute to collect delinquent sales and use tax.

The State filed suit against Ruiz on November 14, 2024, alleging that he was liable for delinquent sales and use tax, plus applicable penalties and interest. (CR 3–9). Ruiz was served via personal service on December 10, 2024, and proof of service was filed with the Travis County District Clerk on December 12, 2024. (CR 11). After Ruiz failed to answer or make an appearance in the lawsuit, the State filed its Motion for Entry of Default Judgment on January 16, 2025. (CR 12–19).

On January 29, 2025, the State submitted its Motion for Entry of Default Judgment to collect delinquent sales taxes, penalties, and interest, as well as the State's attorney fees, to the trial court for consideration pursuant to the Travis County Standing Order for Submission Procedures in Civil and Family Cases. *Id*.

### II. On submission, the trial court granted a default judgment on the State's claim for delinquent sales and use tax but entered a take nothing judgment on the State's claim for attorney fees as the prevailing party.

On January 29, 2025, the trial court entered a final judgment disposing of all claims. (CR 28–30; App. Tab 2). The trial court ordered that the State recover sales tax, penalties, and interest from Ruiz pursuant to the State's pleadings. *Id.* However, the trial court entered a take nothing judgment on the State's claim to attorney fees by striking through the attorney fees and costs on the proposed order. *Id*.

1

**III.** **The trial court denied the State's motion for new trial on the issue of attorney fees.**

The State filed a Motion for New Trial on Attorney's Fees ("Motion for New Trial"), asking the trial court to grant a new trial on the issue of attorney fees. (CR 31–37). Two days later, the trial court summarily denied the State's Motion for New Trial without a hearing. (CR 38–39; App. Tab 3).

## SUMMARY OF THE ARGUMENT

The trial court erred when it rendered a take-nothing judgment on the State's claim for attorney fees in its Motion for Entry of Default Judgment. First, entry of a final order denying attorney fees to the State, without an opportunity for a hearing or trial, was a violation of due process and against the statutory mandate of an attorney fees award to the State when it is the prevailing party pursuant to Section 2107.006 of the Texas Government Code. Second, the trial court's implicit finding of no reasonable and necessary attorney fees contradicts the overwhelming evidence that was properly pleaded and proved in the State's Unsworn Declaration of Attorney Fees. This Court should reverse the trial court's judgment in part and render judgment in favor of the State on its claim for attorney fees.

**ARGUMENT AND AUTHORITIES**

I.   **The trial court erred when it denied an award of attorney fees to the State because it was a violation of due process and against the statutory mandate of an attorney fees award to the State as the prevailing party.**

A.   **The trial court's denial of attorney fees to the State, without an opportunity for a hearing or trial, was a violation of due process.**

Texas courts have consistently held that "[t]he due process clause in the state constitution requires the same level of due process as the federal constitution." *Hartford Cas. Ins. Co. v. State*, 159 S.W.3d 212, 216 (Tex. App.—Austin 2005, pet. denied); *see also Bell v. Tex. Workers Comp. Comm'n*, 102 S.W.3d 299, 304 n.7 (Tex. App.—Austin 2003, no pet.) (stating that "[i]n matters of procedural due process, Texas courts traditionally follow federal due process interpretations and consider federal decisions on these matters persuasive authority") (citing *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995)). "At a minimum, due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Hartford Cas. Ins.*, 159 S.W.3d at 216. In the context of a dismissal of a plaintiff's cause of action, courts have held that "[d]ue process thus requires notice before a plaintiff's claims are dismissed in a final judgment." *Yeoung Jin Kim v. Kim*, No. 02-19-00228-CV, 2020 WL 5047896, at *7 (Tex. App.—Fort Worth Aug. 27, 2020, no pet.); *see also Beller v. Fry Roofing, Inc.*, No. 04-05-00159-CV, 2005 WL 3115828, at *2 (Tex. App.—San Antonio Nov. 23,

2005, no pet.) (noting that a "trial court adjudicates the merits of a case by issuing a take-nothing judgment, or by dismissing with prejudice").

In this case, the trial court adjudicated the merits of the State's claim for attorney fees without notice and a hearing, as well as without any evidence controverting such claim, when it rendered a final take-nothing judgment as to attorney fees. Due process required the trial court to give the State "notice and an opportunity to be heard" before doing so. *Hartford Cas. Ins.*, 159 S.W.3d at 217.

Additionally, pursuant to Rule 243 of the Texas Rules of Civil Procedure, "[i]f the cause of action is unliquidated or be not proved by an instrument in writing, the court *shall hear evidence* as to damages and shall render judgment therefor." Tex. R. Civ. P. 243 (emphasis added). Affidavits can constitute sufficient evidence of unliquidated damages, especially when such affidavits concern attorney fees. *See, e.g.*, *Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999) (noting that "affidavits can constitute evidence of liquidated damages"). However, if a trial court finds that an affidavit is insufficient to support an award of attorney fees in a motion for default judgment, the proper course of action is to set a trial on the issue of the fees rather than render a take-nothing judgment against the plaintiff for such fees. *Gotch v. Gotch*, 416 S.W.3d 633, 639 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that the trial court abused its discretion in denying the plaintiff's motion for default judgment and granting a take-nothing judgment when

5

there was some evidence of damages presented); *Aguilar v. Livingston*, 154 S.W.3d 832, 835 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding the same).

As explained in further detail below, the State properly proved its entitlement to its attorney fees by filing an unsworn declaration. *Tex. Commerce Bank, Nat'l Ass'n*, 3 S.W.3d at 518 n. 13 (noting that an uncontested affidavit establishes a prima facie case for attorney fees that is legally sufficient to support an attorney's fees award) (citing *Cap Rock Elec. Coop. v. Tex. Utils. Elec. Co.*, 874 S.W.2d 92, 101–02 (Tex. App.—El Paso 1994, no writ)); *see also Arthur v. Braeburn Plaza Inc. HOA,* No. 01-23-00161-CV, 2025 WL 1033752, at \*9 (Tex. App.—Houston Apr. 8, 2025, no pet. h.) (noting that "an unsworn declaration may be used in lieu of a written sworn declaration . . . or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law") (citing TEX. CIV. PRAC. & REM. CODE § 132.001(a)). However, if the trial court determined that the declaration was insufficient to support an award of the State's attorney fees, the trial court was required to set a trial on the issue rather than issue a take-nothing judgment. *See Gotch*, 416 S.W.3d at 639; *see also Aguilar*, 154 S.W.3d at 835.

Because the trial court rendered a take-nothing final judgment on the State's claim for attorney fees without notice or an opportunity for a hearing, the trial court deprived the State of its opportunity to be heard. Such a decision is contrary to established due process principles. *See Hartford Cas. Ins.*, 159 S.W.3d at 217.

**B.** **The trial court lacked discretion to deny an award of attorney fees to the State pursuant to Section 2107.006 of the Texas Government Code, which mandates an award of attorney fees to the State as the prevailing party.**

The Texas Supreme Court has drawn a bright-line distinction among statutes that allow for the recovery of attorney fees. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Statutes that provide that "the court 'may' award attorney fees" typically "afford[] the trial court a measure of discretion in deciding whether to award attorney fees or not." *Id*. However, "[s]tatutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary." *Id*. In other words, in a case where "a statute provides for mandatory recovery of attorney's fees, the trial court has no discretion but to award them if they are pleaded and proved." *State v. Buchanan*, 572 S.W.3d 746, 750 (Tex. App.—Austin 2019, no pet.) (citing *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015)).

For example, Section 38.001 of the Texas Civil Practice and Remedies Code provides that a person "*may recover* reasonable attorney's fees" for an oral or written contract claim. TEX. CIV. PRAC. & REM. CODE § 38.001(8) (emphasis added). Following *Bocquet*, courts have held that prevailing parties in breach of contract claims are "entitled to an award of reasonable attorney's fees established by the evidence" based on the language of Section 38.001 of the Texas Civil Practice and Remedies Code. *McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 209 (Tex. App.—Austin 2005, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE § 38.001(8));

7

*Recognition Commc'ns, Inc. v. Am. Auto Ass'n, Inc.*, 154 S.W.3d 878, 891 (Tex. App.—Dallas 2005, pet. denied) ("When a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory under section 38.001 if there is proof of the reasonableness of the fees."); *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 683 (Tex. App.—Fort Worth 1998, pet. denied).

Similarly, Section 2107.006 of the Texas Government Code, which is the governing statute in this case, provides that "the attorney general *may recover* reasonable attorney fees." TEX. GOV'T CODE § 2107.006 (emphasis added). The Third Court of Appeals has held that, applying the rule delineated by the Texas Supreme Court in *Bocquet*, "section 2107.006's use of the phrase 'the attorney general may recover reasonable attorney fees' makes an award of fees under that section mandatory upon demand and proof thereof." *Buchanan*, 572 S.W.3d at 750 (citing *Ventling*, 466 S.W.3d at 154; *Bocquet*, 972 S.W.2d at 20). While "[a] court possesses discretion to determine the amount of attorney's fees, [] it lacks discretion to deny attorney's fees if they are proper" under a mandatory attorney fees statute. *Ventling*, 466 S.W.3d at 154 (applying the mandatory language of Section 38.001 of the Texas Civil Practice and Remedies Code).

Because Section 2107.006 uses the phrase a party "may recover" rather than the court "may award," an award of attorney fees in this case is mandatory and not discretionary. *See Buchanan*, 572 S.W.3d at 750; *Bocquet*, 972 S.W.2d at 20. Thus,

8

the State, as the prevailing party in this case, is statutorily entitled to an award of reasonable and necessary attorney fees established by the evidence as a matter of law, and the trial court lacked discretion to deny the State's claim for such fees. *See Buchanan*, 572 S.W.3d at 750; *Bocquet*, 972 S.W.2d at 20; *McMillin*, 180 S.W.3d at 209; *see also Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 672 (Tex. App.—Austin 2006, no pet.) (citing *Bocquet*, 972 S.W.2d at 20).

By entering a take nothing judgment without a hearing or trial, the trial court violated the State's due process. Nevertheless, even if the State had been provided due process, a take-nothing judgment would be erroneous because the trial court lacked discretion to deny the State's claim to attorney fees as the prevailing party. *See Buchanan*, 572 S.W.3d at 750 (citing *Ventling*, 466 S.W.3d at 154; *Bocquet*, 972 S.W.2d at 20).

## II. The trial court erred when it failed to grant the State's reasonable and necessary attorney fees that were properly pleaded and proved in its Unsworn Declaration of Attorney Fees.

The State, as the prevailing party, provided proof of its reasonable and necessary attorney fees. (*See* CR 25–27). It is undisputed that the State is the prevailing party in this case.[1] Thus, if the State provided proof of reasonable

---

[1] To recover attorney's fees, "a party must prevail on the underlying claim and recover damages." *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) (citing *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009)). In this case, the State prevailed on its underlying claim for sales tax, penalties, and interest. (CR 28–30).

9

attorney fees pursuant to Section 2107.006 of the Texas Government Code, the trial court lacked discretion to deny an award of attorney fees to the State. *See Recognition Commc'ns*, 154 S.W.3d at 891 (noting that a trier of fact "does not have discretion to simply deny an award of attorney's fees if any were properly proven") (citing *Cale's Clean Scene Carwash, Inc. v. Hubbard*, 76 S.W.3d 784, 787 n.4 (Tex. App.—Houston [14th Dist.] 2002, no pet.)).

A party seeking attorney fees "must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 501–02 (Tex. 2019). "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id*. at 502. "As a factual matter, a zero award for attorney's fees is proper only if the evidence (1) failed to prove (a) that any attorney's services were provided, or (b) the value of the services provided; or (2) affirmatively showed that no attorney's services were needed or that any services provided were of no value." *Buchanan*, 572 S.W.3d at 751 (citing *Recognition Commc'ns*, 154 S.W.3d at 891).

In this case, Assistant Attorney General Johnson ("AAG Johnson") filed an Unsworn Declaration of Attorney Fees declaring that she is licensed to practice law in the State of Texas and does so as Assistant Attorney General of the State of Texas. (CR 25–27). She also stated that she has represented the State in collection cases similar to this one wherein attorney fees have been awarded by the court. *Id*. AAG Johnson included the reasonable hourly rates charged by each OAG employee who worked on this case. *Id*. The report included descriptions of each activity AAG Johnson and other OAG employees performed on this case and the amount of time each activity took such employee. *Id*. AAG Johnson further avowed that the computer-generated report attached to the declaration was an accurate recounting of the hours worked as stated therein. *Id*. Taking into consideration the amount in controversy of this case, the nature of the case, and the qualifications and years of experience for each person who worked on the case, AAG Johnson declared that the amount shown on the declaration represented an award for attorney fees that was reasonable and necessary. *Id*.

The State proved that attorney's services were provided and the value of those services. *See Buchanan*, 572 S.W.3d at 751 (citing *Recognition Commc'ns*, 154 S.W.3d at 891). Specifically, the State provided evidence of the "(1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the

11

services, and (5) the reasonable hourly rate for each person performing such services." *Rohrmoos*, 578 S.W.3d at 502. Additionally, there was no controverting evidence, and the evidence in this case did not establish that no attorney's services were needed or that any services provided were of no value. *See Midland W. Bldg., L.L.C. v. First Serv. Air Conditioning Contractors, Inc.*, 300 S.W.3d 738, 739 (Tex. 2009). Because the State pleaded and proved its entitlement to statutorily mandated attorney fees, the trial court erred by denying the State's claim, and this Court should reverse the trial court's judgment in part and render judgment in favor of the State on its claim for attorney fees.

"In order for the court to award an amount of attorneys' fees as a matter of law, the evidence from an interested witness must not be contradicted by any other witness or attendant circumstances and the same must be clear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to case suspicion thereon." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990). In *Ragsdale*, the Texas Supreme Court "reverse[d] the judgment of the court of appeals that remanded the attorney's fees issue for a new trial and render[ed] judgment" for the attorney's fees. *Id*. The Supreme Court found that the "attorneys testified as to the time involved, the nature of the services that were rendered, and the reasonableness of the fees charged," and that "[t]his evidence was uncontroverted." *Id*. Similarly, in this case, the State's evidence is uncontroverted

12

and is "clear, direct and positive, and not contradicted by any other witness or attendant circumstances, and there is nothing to indicate otherwise." *Id*. Therefore, the State requests that this Court render judgment in favor of the State for attorney fees as pleaded and proven in the State's Unsworn Declaration of Attorney Fees. (CR 25–27). In the alternative, if the Court finds that there is a fact issue, the State requests that this Court reverse and remand for a new trial on the issue of attorney fees.

## CONCLUSION AND PRAYER

The trial court's denial of attorney fees to the State, without an opportunity for a hearing or trial, was a violation of due process and against the statutory mandate of an award of attorney fees to the State, as the prevailing party, pursuant to Section 2107.006 of the Texas Government Code. In addition, the trial court lacked discretion to deny the State's claim for attorney fees because the State properly pled and proved its entitlement to the statutorily mandated fees. For these reasons, the State respectfully asks this Court to reverse the trial court's judgment in part and render judgment in favor of the State on its claim for attorney fees.

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General
For Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Aquina J. Johnson*
AQUINA J. JOHNSON
State Bar No. 24126164
aquina.johnson@oag.texas.gov
TAYLOR WHITLOW HOANG
State Bar No. 24102646
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548, MC 008
Austin, Texas 78711-2548
Tel.: (512) 463-2173
Fax: (512) 936-1409
COUNSEL FOR APPELLANTS

14

**CERTIFICATE OF COMPLIANCE WITH RULE 9.4**

1.      This brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(2)(B) because, according to the Microsoft Word word-court function, it contains 3,105 words on pages 1–13, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure Rule 9.4(i)(1).

2.      This brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in Microsoft Word using a conventional typeface in 14-point font except for footnotes, which are 12-point font.


                                        */s/ Aquina J. Johnson*
                                        AQUINA J. JOHNSON

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing *Brief of Appellants* was served via the method indicated on May 29, 2025:

*By U.S. First Class Mail:*

Jonathan Alvidres Ruiz
737 Porras Dr.
El Paso, Texas 79912
Email:
jonathanalvidresruiz@gmail.com
PRO SE APPELLEE

/s/ *Aquina J. Johnson*
AQUINA J. JOHNSON

16

No. 15-25-00042-CV

IN THE COURT OF APPEALS FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

THE STATE OF TEXAS, THE CITY OF EL PASO, TEXAS; THE TRANSIT AUTHORITY OF
EL PASO CTD, TEXAS; AND THE COUNTY OF EL PASO, TEXAS
*Appellants,*

vs.

JONATHAN ALVIDRES RUIZ,
*Appellee.*

Appeal from the 459th District Court of Travis County, Texas,
No. D-1-GN-24-009288, the Honorable Maya Guerra Gamble presiding

**APPENDIX TO
BRIEF OF APPELLANTS**

Tab 1: Section 2107.006 of the Texas Government Code

Tab 2: Final Judgment (CR 28–30)

Tab 3: Order Denying Motion for New Trial on Attorney Fees (CR 38–39)

# Appendix

## TAB 1

Vernon's Texas Statutes and Codes Annotated
  Government Code (Refs & Annos)
    Title. 10. General Government (Refs & Annos)
      Subtitle C. State Accounting, Fiscal Management, and Productivity
        Chapter 2107. Collection of Delinquent Obligations to State

V.T.C.A., Government Code § 2107.006

§ 2107.006. Attorney Fees and Costs

Currentness

In any proceeding under this chapter or other law in which the state seeks to collect or recover a delinquent obligation or damages, the attorney general may recover reasonable attorney fees, investigative costs, and court costs incurred on behalf of the state in the proceeding in the same manner as provided by general law for a private litigant.

**Credits**
Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993.

V. T. C. A., Government Code § 2107.006, TX GOVT § 2107.006
Current through legislation effective May 20, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix

## TAB 2

NO. D-1-GN-24-009288

| | | |
|---|---|---|
| THE STATE OF TEXAS; THE CITY OF EL PASO, TEXAS; THE TRANSIT AUTHORITY OF EL PASO CTD, TEXAS; AND THE COUNTY OF EL PASO, TEXAS | § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | TRAVIS COUNTY, TEXAS |
| JONATHAN ALVIDRES RUIZ | § | 459TH JUDICIAL DISTRICT |

## FINAL DEFAULT JUDGMENT

On this day, Plaintiffs the State of Texas; the City of El Paso, Texas; the Transit Authority of El Paso CTD, Texas; and the County of El Paso, Texas ("Plaintiffs") announced ready for trial, and Defendant Jonathan Alvidres Ruiz ("Defendant"), although having been duly and legally cited to appear and answer, failed to appear and answer, and wholly made default.

Citation was served according to law and returned to the clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file, and is of the opinion that all material allegations of Plaintiffs' petition have been admitted and that Plaintiffs' cause of action against Defendant for delinquent sales taxes, penalties, and interest is proven by the certificate issued by the Comptroller of Public Accounts for the State of Texas pursuant to Section 111.013 of the Texas Tax Code and attached to Plaintiffs' Motion for Entry of Default Judgment.

The Court therefore finds that Plaintiffs, the State of Texas; the City of El Paso, Texas; the Transit Authority of El Paso CTD, Texas; and the County of El Paso, Texas, are entitled to recover from Defendant the respective sums of $16,711.37, $2,817.62, $1,403.79, and $1,403.79 in state, municipal, transit authority, and county sales taxes, penalties, and interest, together with post-judgment interest pursuant to Section 111.010(d) of the Texas Tax Code at the rate of ten percent (10%) per annum on these amounts from the date of this judgment until paid. ~~The Court also finds that Plaintiff, the State of Texas, is entitled to recover reasonable attorney fees pursuant to Section 2107.006 of the Texas Government Code in the amount of $1,268.75, plus all court costs incurred.~~

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiffs, the State of Texas; the City of El Paso, Texas; the Transit Authority of El Paso CTD, Texas; and the County of El Paso, Texas, recover from Defendant Jonathan Alvidres Ruiz the respective sums of $16,711.37, $2,817.62, $1,403.79, and $1,403.79 in state, municipal, transit authority, and county sales taxes, penalties, and interest, together with post-judgment interest pursuant to Section 111.010(d) of the Texas Tax Code at the rate of ten percent (10%) per annum on these amounts from the date of this judgment until paid, for all of which execution and other process necessary to enforce this judgment may issue.

~~IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff, the State of Texas, recover from Defendant Jonathan Alvidres Ruiz attorney fees in the amount of $1,268.75, plus all court costs incurred, for all of which execution and other process necessary to enforce this judgment may issue.~~

This judgment finally disposes of all claims against all parties and is appealable.

SIGNED this _____20_____ day of _____February_____, 2025.

_____
DISTRICT JUDGE PRESIDING

MAYA GUERRA GAMBLE
459th DISTRICT COURT

# Appendix

TAB 3

C247255706/A5J

NO. D-1-GN-24-009288

| | | |
|---|---|---|
| THE STATE OF TEXAS; THE CITY OF EL PASO, TEXAS; THE TRANSIT AUTHORITY OF EL PASO CTD, TEXAS; AND THE COUNTY OF EL PASO, TEXAS | § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | TRAVIS COUNTY, TEXAS |
| JONATHAN ALVIDRES RUIZ | § | 459TH JUDICIAL DISTRICT |

## ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL ON ATTORNEY FEES

Pending before the Court is *Plaintiffs' Motion for New Trial on Attorney Fees*, filed by Plaintiffs, the State of Texas; the City of El Paso, Texas; the Transit Authority of El Paso CTD, Texas; and the County of El Paso, Texas ("Plaintiffs"). The Court, upon review of the Motion, has determined that it should be and is hereby DENIED.

IT IS THEREFORE ORDERED that Plaintiffs, the State of Texas; the City of El Paso, Texas; the Transit Authority of El Paso CTD, Texas; and the County of El Paso, Texas' Motion for New Trial on Attorney Fees is DENIED.

SIGNED this **13** day of **March**, 2025.

_____
DISTRICT JUDGE PRESIDING

**MAYA GUERRA GAMBLE**
**459th DISTRICT COURT**

C247255706/A5J

**AGREED AS TO FORM ONLY:**

**Ken Paxton**
Attorney General of Texas

**Brent Webster**
First Assistant Attorney General

**Ralph Molina**
Deputy First Assistant Attorney General

**Austin Kinghorn**
Deputy Attorney General for Civil Litigation

**Rachel R. Obaldo**
Chief for Bankruptcy & Collections Division

_/s/ Aquina J. Johnson_
**AQUINA J. JOHNSON**
Assistant Attorney General
State Bar No. 24126164

Office of the Attorney General
Bankruptcy & Collections Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 658-4104
Facsimile: (512) 936-1409
aquina.johnson@oag.texas.gov

Attorneys for Plaintiff